CASE 109—ACTION ON IMPLIED CONTRACT—MARCH 2.

# Farmers Bank of Vine Grove v. Smith.

APPEAL FROM HARDIN CIRCUIT ·COURT.

CORPORATIONS—LIABILITY OF, FOR CONTRACTS OF PROMOTERS.—A corporation is liable on an implied *assumpsit* for services rendered by one of the promoters in organizing the corporation, securing and soliciting stock, superintending the work of build-.ing, writing the articles of incorporation and various services rendered before and after it commenced business, unless such services were rendered gratuitously.

D. C. HAYCRAFT AND J. P. HOBSON, FOR APPELLANT.

1. The evidence objected to by B. R. Young, was incompetent. 2 Greenleaf on Ev., sec. 251.
2. The objection was properly taken to this evidence. Code of Practice, sec. 587; Moore v. Smith, 88 Ky., 154.
3. A corporation is not liable for services of one of its promoters for his fellow promoters. Bishop on Contracts, sec. 221; Morawetz on Corporations, sec. 234; Note to Hardware Co. v. Hardware Co., 13 Am. St., Rep., 28; N. & M. R. R. v. Hay., 8 Ky. Law Rep., 116; Note 26 L. R. A., 544.
4. Appellant can only be made liable in equity and upon equitable grounds. Morton v. Hamilton College, 18 Ky. Law Rep., 765; Note 13 Am. St. Rep., 28.
5. The verdict is manifestly against the evidence in the case.

D. C. HAYCRAFT FOR APPELLANT IN A PETITION FOR A REHEARING.

Additional citations: Low v. Railroad Co., 45 N. H., 370; Bells Gap R. R. Co. v. Cristy, 79 Pa. St., 54; Waddy Blue Grass Creamery Co. v. Davis Rankin Co., 45 S. W., 765· Oldham v. Mt. Sterling Imp. Co., 45 S. W., 779; N. & M. R. R. Co. v. Hay, 8 Ky. Law Rep., 115; Morton v. Hamilton College, 18 Ky Law Rep., 765; Cook on Stockholders & Corps. Law., vol. 2, 707; Oakes v. Cattaraugus Water Co., 26 L. R. A., 545.

MARRIOTT AND FAUREST, FOR APPELLEE.

1. The defendant is liable upon an implied undertaking to pay for services rendered by the appellee at its instance and request or at the instance and request of its promoters, the benefits of which it accepted. Law v. R. R. Co., 45 N. H., 370; Paxton Cattle Co. v. First, &c., Bank, 21 Neb., 621; 59 Am. Rep., 852; Morton v. Hamilton College, 18 Ky. Law Rep., 765; Note to Hardware Co. v. Hardware Co., 13 Am. St. Rep., 29; Carter v. Orine, 3 Ky. Law Rep., 56.

2. It is not necessary that the adoption or ratification of the acts of appellee should be express, but they may be shown by acquiescence of the corporation. Note to Hardware Co. v. Hardware Co., 13 Am. St. Rep., 29; Battelle v. Northwestern Cement Co., 37 Minn., 89; Morawetz on Corps., sec. 548; F. & S. T. P. Co. v. Churchill, 6 Mon., 428; McArthur v. Times Printing Co., 48 Minn., 319; 31 Am. St. Rep., 655.

3. There is no presumption of law that the services of one not an officer and having no control of the funds of the corporation, were voluntary. N. & M. R. R. Co. v. Hay., 8 Ky. Law Rep., 117; Holden v. Laf. B. & M. R. Co., 71 Ill., 106.

4. There was no error in refusing or in giving instructions.

5. The exceptions to the depositions were not properly made and were rightly overruled. Civil Code, sec. 586; Bronson v. Green, 2 Duv., 237; Cooksey v. Cassidy, 79 Ky., 392.

6. The evidence rejected was incompetent.

7. Instruction No. 7 was given to the jury. Johnson v. Davenport, 3 J. J. M., 395; Woodward v. Leavitt, 107 Mass., 453; 9 Am. St. Rep., 56.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellee by this action sought to recover of appellant the sum of $500 for services rendered in organizing the bank, securing and soliciting stock, superintending the work of building, writing the articles of corporation, and various services, before, and some after, the date it commenced business. The answer is a denial of any contract, either expressed or implied, or any liability to pay, a de-

[ 52 ]

nial of the value, and an allegation that the services were rendered gratuitously by appellee. The case was tried before a jury, and resulted in a verdict and judgment for appellee in the sum of $350. After reasons and motion for new trial had been overruled, this appeal is prosecuted. The reasons for a new trial are: The error of the court in refusing to give a peremptory instruction; permitting incompetent evidence to go to the jury, over its objection; error in giving instructions 1 to 7, inclusive, and in refusing others (1 to 4) asked for; error in modifying instruction 7, and in refusing to give same as asked; that the verdict is flagrantly against the evidence; that the pleadings do not warrant the judgment.

From the proof introduced as to the amount and value of the services rendered, there can scarcely be a question as to the amount found by the jury, if, as a matter of law, appellee has shown himself entitled to recover any sum. Appellee actively, and almost exclusively, secured all the stock to be taken. He made trips to Hodgenville, Louisville, and Frankfort in the interest of the corporation, superintended the construction of the banking house, let out contracts, negotiated the purchase of the lot on which was erected the banking house, drew the articles of incorporation, and, after the bank began work, gave its officers such advice as they sought. The verdict of $350 is not unreasonable.

The question of gratuity was submitted to the jury on conflicting evidence, and it can not be said their verdict is flagrantly against the evidence; and, unless it be so, it will not be disturbed. It is earnestly contended that appellee can not recover any sum for this service, although it was rendered, and was beneficial and accepted by the appellant, for the reason that he had no contract,

and because there was no corporation to make a contract with, and any agreement made by any person before the organization would not bind the corporation, for the reason that it was *ultra vires* as to the corporation. We do not assent to this doctrine. We are of opinion that a corporation is, by an implied contract, liable for such or any services rendered for the use of the corporation as are necessary to its formation, or may be necessary to be done by it, after its incorporation, in furtherance of its corporate business.

The case of Low v. Railroad Co., 54 N. H., 370, is directly in point, and has been approved by this court. It says (page 377): "It may then be safely assumed that under the laws of Vermont the corporation is liable in some form for services necessary to perfect its organization, and which, when such organization was perfected, it accepted, and enjoyed the benefits arising therefrom. Such would be the case in respect to services in obtaining subscriptions to the capital stock, rendered by a corporator or associate, and which subscriptions were, after the organization, accepted by the corporation. Of course, to entitle the plaintiff to recover, such services must have been necessary and reasonable, and rendered, not gratuitously, but with the understanding and expectation that they were to be paid for." This case, *supra*, was expressly approved by the Supreme Court of Pennsylvania, (Railroad Co. v. Cristy, 79 Pa. St., 54), [21 Am. R., 39], the court holding: "It may very well be that, where a number of persons not incorporated are yet informally associated together in the pursuit of a common object, and with the intent to procure a charter in the furtherance of their design, they may authorize certain acts to be done by one or more of their number with an understanding that compensation shall be made

therefor by the company when fully formed. And if such acts are necessary to the organization and its objects, and are subsequently accepted by the company, and the benefit thereof enjoyed by them, they must take such benefits *cum onere*, and make compensation therefor." This principle was recognized in the case of Waddy Blue Grass Creamery Co. v. Davis-Rankin Bldg. & Mfg. Co., (Ky.; decided May 12. 1898), [45 S. W., 895], as well as Morton v. Hamilton College, (Ky.), [38 S. W., 1].

It seems to us that any other rule would render it difficult to organize any corporation, however necessary. No person would render the services, or pay another to do so, however essential it be to the organization, if there was no obligation to pay by the corporation after it is brought into existence. We are of opinion that appellee was entitled to recover for the services rendered and sued for, as they were necessary to the organization of the corporation.

We are referred to the case of Oldham v. Improvement Co., (Ky.; decided May 3, 1898), [45 S. W., 779], as holding that the corporation can not be made liable by the representations or acts of its promoters. The question in that case was the right of a subscriber for stock to defeat the collection of his unpaid subscription of stock by reason of false and fraudulent representations of a promoter as to the condition and prospects of the company. The court holds that the corporation is not bound by such representations, and a stockholder can not be relieved by reason. thereof. Any other expression was but *dictum*. This case is clearly distinguishable from the Oldham case, *supra*. The charges here made are for necessaries for the organization of the corporation.

Appellant complains of the ruling of the court in admit-

ting certain testimony of Young. The effect of this testimony is that witness was a stockholder and a preliminary director, and that he had no knowledge or information of any contract or agreement to pay appellee for his services, but that the witness expected such would be paid, as that was customary in organizing corporations.

We do not think that the admission of this evidence is such error, if any, as alone would authorize a reversal. The instructions given the jury clearly state the law of the case, and are approved. Finding no error; the judgment is affirmed, with damages.