CASE 26.—ACTION BY THE PROVIDENCE ELECTRIC LIGHT
     CO. AGAINST THE CITY OF PROVIDENCE TO RE-
     COVER ON CONTRACT.—March 6.

122   237
125   695
127   108

122   237
j137  521

## City of Providence v. Providence Electric Light Co.

Appeal from Webster Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Municipalities—Contracts for franchise—Constitutional inhibition—Validity—Liability—Under Constitution, section 164, providing that "no county, city, town taxing district, or other municipality, shall be authorized or permitted to grant a franchise or privilege, or make any contract in reference thereto for a term exceding twenty years, before granting such franchise for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder." A contract made by a city of the fifth class with an electric light company to furnish it lights in violation of this provision is void. But, although the contract is void, where it is not disputed that the city received the benefit of the lights furnished by the light company, and it being admitted that the price claimed is just, the city can not escape liability, and must pay for the lights it received, their reasonable value.

2. Indebtedness—Exceeding income and revenue—Levying insufficient tax—Kentucky Statutes, section 3641, provides that "the city council shall not create, audit, allow or permit to accrue any debt or liability in excess of the available money in the treasury that may be legally apportioned and appropriated for such purpose," and section 157 of the Constitution declares that "no city" * * * shall be authorized or permitted to become indebted in any manner, or for any purpose, to an amount exceeding in any year the income and revenue provided for such year without the assent of twothirds of the voters thereof, etc." It will not do to say that a city that is

City of Providence v. Providence Electric Light Co.

authorized to levy an advalorem tax of 75 cents and a poll tax of $1.50, may contract an indebtedness that can be assumed and paid within the constitutional limit, and then by refusing to levy the full amount of tax authorized, or by levying only a small tax, defeat the collection of a debt upon the ground that the revenue for the year is less than the amount of indebtedness created. It is the amount of tax' that may be levied and raised under the Constitution, that must be looked to in determining whether or not the indebtedness "exceeds in any year the income and revenue provided for such year."

M. C. GIVENS for appellant. ·

## SYNOPSIS.

1. The demurrer to the petition ought to have been sustained. It does not state a cause of action. (Section 3640, 3641 Ky. Stat.; Dillon on Municipal Corp., Section 937, and also Ency. of Pleading and Practice, vol. 14 Municipalities, page 235, 260.)

2. The judgment was for $529.35, or about $106 per month, when the petition showed only $75.00 per month and the evidence showed 62 lights, which would be $93.00 per month. (See the contract and the pleadings, and the evidence.)

3. The claims were not allowed at a regular meeting of the council, and violated section 3636 Ky. Statutes. (See Rough River Telephone Co. v. The Cumberland Telephone Co. 27 Ky. Law Rep. 32; The East Tennessee Telephone Co. v. Anderson County Telephone Co. 22 Ky. Law Rep., 418; the same v. the same, 24 Ky. Law Rep. 2358; Merisman v. The Ohio Valley Telephone Co., 25 Ky. Law Rep. 784.)

5. The contract in this case conferred a franchise for more than one year, and violates section 164 of the State Constitution, in that it was not let to the lowest bidder. (See section 164 and the contract.)

5. The warrants do not state the funds out of which said warrants were to be paid, and were not legal warrants. (See said warrants and section 3640 and 3641 of the Kentucky Statutes.)

6. The clerk of said council did not issue or sign the warrants, nor the orders of the council on which they are based. except one, Geo. W. Beason was the clerk, and the orders and warrants were signed by E. G. Bishop, who was not the clerk, and not a member

City of Providence v. Providence Electric Light Co.

of the board of councilmen.  (See the warrants and the orders of the council and section 3634 Ky. Statutes.)

7. Then, there never was a time when there was in the treasury funds available that could be lawfully applied to this debt.  (See section 3641 Kentucky Statutes, and the records of the city council file in this case.)

BAKER and BAKER for appellees.

We submit:

1. That the debt created by the contract sued on was not in violation of section 157 of the Constitution, as the record shows that the revenue of the city authorized to be collected was in excess of its indebtedness.

2. The city has received the benefit of the lights furnished it by appellee and it admits the amount due for the lights is the amount sued for.  We have demanded from the city that sum, which it refuses to pay and justice demands that this debt should be paid.

### CITATIONS.

Constitution, section 157; 15 Ky. Law Rep., 757; Culbertson v City of Fulton; O'Bryan, Clerk, v. City of Owensboro, 24 Ky. Law Rep. 475; Nicholasville Water Co. v. City of Nicholasville, 18 Ky. Law Rep., 592.

OPINION BY JOHN D. CARROLL, Commissioner.— Affirming.

On February 3, 1903, the appellee entered into a contract with the appellant to furnish it 50 or more lights at an annual rental of $18 per annum per light, the lights to be placed in operative condition within 90 days thereafter, and payments to be made monthly, beginning with the acceptance of the lights.  The contract further provided that "the period of this contract shall be from date of acceptance of said lights until January 1, 1904, and if the party of the second part fails to contract with the party of the first

part for the use of said lights for another year from the expiration of this contract the party of the first part shall have the right or privilege to allow their poles, wires and transformers to remain upon the streets and alleys of the city of Providence for five years after the termination of this contract.'' Under this contract the light company furnished to the city of Providence for the year 1903 lights amounting to $925.35. The city paid $396 of this amount, leaving a balance due of $529.35. For this amount the city issued to the light company four warrants, thereby recognizing the justness of the claim. The city failed to pay the balance, and this action was instituted by the light company to secure from it the amount due, with interest from January 1, 1904. The action was founded on the contract, and not on the warrants issued.

The city resisted the payment of the claim upon several grounds, among them, contending that the amount sued for was more than the light company was actually entitled to recover; that the warrants issued by the city were invalid, because allowed at other than regular meetings of the council; that they failed to specify the fund out of which the money was to be paid; that all, except one, were signed by a person who was not clerk of the council; that the contract was void, being in violation of section 164 of the Constitution, and upon the further ground that there was at no time funds in the treasury out of which the debt could be lawfully paid, and it created a liability in excess of the revenue for the year. On a trial of the case judgment was rendered for the amount claimed. It does not seem to be necessary to consider the question of the correctness of the amount

sued for, as it is admitted by the defendant in the record that the sum claimed is the correct amount due. Nor is it necessary to determine whether or not in issuing the warrants the provisions of the statute were complied with, because the action is not based on the warrants, but upon the contract, and the warrants are merely filed as evidence of the indebtedness.

This leaves but two questions open for consideration. The first one is, was the contract void because made in violation of section 164 of the Constitution? This section provides that "no county, city, town, taxing district or other municipality shall be authorizd or permitted to grant a franchise or privilege or make any contract in reference thereto for a term exceeding twenty years. Before granting such franchise, or privilege, for a term of years, such municipality shall first after due advertisement receive bids therefor publicly and award the same to the highest and best bidder." This section is mandatory, and no contract made in violation of its provisions can be enforced, nor can any franchise or privilege be granted without a compliance with its requirements. The contract made by the city with the light company is in violation of the provisions of this section, and therefore the contract is void. But this court, in the case of Nicholasville Water Company v. Board of Councilmen of the Town of Nicholasville, 36 S. W., 549; 38 S. W., 430; 18 Ky. Law Rep., 592, in all respects like the one at bar, held that although the franchise to and contract with the water company might be treated as void, because not granted in the manner provided by this section, that, as it appeared the city had received and used the water it was liable

for the value of the water so received. In this case it is not disputed that the city received the benefits of the lights furnished by the appellee; and, it being admitted that the amount claimed is just and correct, the city cannot escape liability, and must pay for the lights it received their reasonable value, which has been ascertained to be the amount for which judgment was rendered.

The other question to be disposed of arises under section 3641 of the Kentucky Statutes of 1903, and section 157 of the Constitution. Section 3641 of the Kentucky Statutes of 1903, or so much thereof as is pertinent, reads as follows: "The city council shall not create, audit, allow or permit to accrue any debt or liability in excess of the available money in the treasury that may be legally apportioned and appropriated for such purposes." Section 157 of the Constitution declares that "no city, town, taxing district or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose. And any indebtedness created in violation of this section shall be void. Nor shall any such contract be enforcible by the person with whom made, nor shall such municipality ever be authorized to assume the same."

Under the Constitution and the charter of fifth class cities, the appellant is authorized to impose a tax of 75 cents on the $100 and a poll tax of $1.50. When the contract with appellee was made, the assessed value of the property of the city was approximately $260,000, and there were 400 polls. If a tax

of 75 cents on the $100 had been levied, in connection with the poll tax authorized, the revenue of the city from these sources in 1903 would have been $2,550, independent of the sum raised from license taxes and fines which amounted in 1903 to several hundred dollars. The debt to the light company was created when the contract was entered into, and it appears that on that date there was in the city treasury something over $1,400. It is in evidence that the current running expenses of the city in 1903 were about $1,400, and that, aside from these fixed charges, the city only owed a debt of some $400. It will thus be seen that, if the city had imposed the tax that it was authorized to levy, ample revenue to pay the debt contracted with the light company could be raised, and there would have been money in the treasury that might be legally appropriated to pay this claim. Therefore the contention of counsel for the appellant is not well taken.

It is true that the city in 1903 only levied an ad valorem tax of 35 cents, but it is the amount of tax that may be levied and raised under the Constitution that must be looked to in determining whether or not the indebtedness "exceeds in any year the income and revenue provided for such year." It will not do to say that a city that is authorized to levy an ad volorem tax of 75 cents may contract an indebtedness that can be assumed and paid within the constitutional limit, and then by refusing to levy the full amount of tax authorized, or by levying only a small tax, defeat the collection of the debt upon the ground that the revenue for the year is less than the amount of indebtedness created.

It is therefor ordered that the judgment of the lower court be affirmed.