## Worrell Manufacturing Company v. City of Ashland.

(Decided June 19, 1914.)

### Appeal from Boyd Circuit Court.

Municipal Corporations—Liability on Implied Contract.—One contracting with a city must, at his peril, inquire into the authority of the city or its officers to make the contract, and the fact that the city accepts the services or materials and receives the benefits of the contract, will not render it liable on an implied contract to pay for same.

T. J. EWING and JAMES A. WILLIAMS for appellant.

JOHN T. DIEDERICH and DONALD H. PUTNAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

E. A. Shepard was the city clerk of Ashland. On November 2, 1909, he purchased from the Worrell Manufacturing Company for use by the city 60 gallons of Worrell's Insect Exterminator, at $2 a gallon, and also 400 pounds of Cotto-Waxo Sweeping Compound, at 3 cents a pound, the whole order aggregating $132. On November 13, 1909, 11 days later, Shepard purchased an additional 60 gallons of the Insect Exterminator at $2 a gallon. The goods were shipped to the city in Shepard's care. Shepard agreed to see that the bills for same were allowed by the Board of Council on or before April 1, 1910. Before that time he was removed from office. The Board of Council declined to pay for the goods. Thereupon the Worrell Manufacturing Company brought this action against the city of Ashland to recover the contract price. At the conclusion of the evidence, which failed to show that Shepard was authorized to make the purchase, the trial court directed a verdict in favor of the city. Judgment was entered accordingly, and plaintiff appeals.

The only error complained of is the refusal of the trial court to permit plaintiff to file an amended petition, pleading in substance that the city accepted, received, used and consumed all of the goods set out in the petition, and thereby became indebted to plaintiff for the reasonable value thereof, which was fixed at $252.

The question sharply presented is whether or not a municipality may become liable on an implied contract.

In the case of Trustees of Belleview v. Hohn, &c., 82 Ky., 1, it was sought to hold the city liable for the expense of improvement work performed under a void contract. The court said:

"If the reception of work done under a void con-tract, or its ratification by the town, makes it responsible, then the provisions of its charter may be disregarded in every instance where the city has derived benefits from improvements made within its boundary, although its authorized agents may have failed when making the contract, or passing the ordinance, to comply with any of the requirements of the charter. If the town is made responsible by reason of its inherent power to improve or make streets, then it follows that such a power must exist with reference to all improvements conducive to the welfare of the city and the necessities of those living within the corporate limits. The duties and powers of municipal corporations are prescribed by statute, and to make them liable, like natural persons, would be to license those who are invested with corporate control to place onerous burdens upon the inhabitants in the way of taxation and otherwise, regardless of the powers and restrictions found in the charter, and by which alone the rights of the corporation must be determined.

"Courts found it necessary to execute the powers expressly granted, and to refuse to make corporations liable upon implied promises by reason of benefits received. This is done for the protection of the inhabitants of the corporation, and because the only power the corporation has is from the law creating it, and instead of recognizing a more liberal rule, the courts are inclined to hold corporations and their agents within the letter of their grant."

In the case of Murphy v. City of Louisville, 9 Bush, 189, the same question was presented and the court said:

"Nor is the corporation liable for the value of the work by reason of any implied promise to pay, upon the idea that the city derived a benefit from it. If so, as previously argued, it would dispense with the exercise of the power conferred by those in authority to execute contracts, and the contractor, or the party performing the work at the instance of any official of the corporation or even inhabitant of the city, could make improvements

beneficial to the corporation, and thereby create an implied contract on the part of the city to pay. If the alleged contract is made otherwise than as required by the ordinance, it is not binding; and if not obligatory as a contract, the law creates no promise to pay. The difference between the contract of a private person and that of an officer of a corporation is this: An individual has the right to make, alter, or ratify a contract at his own will and pleasure with the consent of the party contracting with him; or if he stands by and permits others to work for him, and accepts the work, the law implies a promise to pay its value; while an officer of a corporation has no power to make a contract except in the manner pointed out by the statute from which the power is derived. (Zottman v. San Francisco, 20 Cal., 96.)"

In the case of City of Covington v. Hallam & Meyers, 16 Ky. L. R., 128, it was held that where legal services were rendered in behalf of the city with knowledge of the members of the city council and of the city attorney, this fact did not render the city liable for the reason that these officials in their individual capacity had no right to make contracts for the city or to employ counsel. It was also held that the fact that the city derived benefit from the services raised no implied promise on the part of the city to pay for them. In the case of City of Owensboro v. Weir, Weir & Walker, 95 Ky., 195, 24 S. W., 115, it was held that the acceptance of legal services from counsel who had not been lawfully employed imposed no obligation on the city to pay for such services. In the case of District of Highlands v. Miche, 107 S. W., 26, 32 Ky. L. R., 761, the court said:

"The trustees of a city or other municipal corporation may not, in their individual capacity, employ counsel to represent it in litigation; nor does the fact that an attorney renders services to a municipal corporation entitle him to recover for such services under an implied contract. Municipal corporations must contract through their duly authorized boards, and the individual trustees have no authority to contract for them."

In the case of Floyd Co. v. Allen, 137 Ky., 575, Allen performed work and furnished materials for the repair of a county road at the request of the county judge and a justice of the peace, who had no authority to make the contract. Plaintiff insisted that the county should pay him because it reaped the benefits of his expenditure and

labor. In discussing this phase of the case the court said:

"This presents a very equitable view in his behalf, and would prevail against an individual or private corporation, but the consequences would be disastrous to hold that it should apply to the state or county. To permit the citizen to select his own time, place, and manner, even with the advice and consent of one or two of the officials, in which to furnish material and labor for needed repairs or improvements on a public highway of the county and hold the county responsible for the price charges, upon the ground that it had been benefited thereby, would be ruinous to the county and have the effect to supersede the powers of the fiscal court whose duty it is under the law to manage such affairs."

In the case of City of Newport v. Schoolfield, 142 Ky., 287, it was held that the fact that a municipal corporation received the benefit of a contractor's work did not create a contract by implication on the part of the city to pay for such work. In the case of City of Louisville v. Parsons, 150 Ky., 420, it was held that all persons contracting with a municipal corporation must, at their peril, inquire into the power of its officers to make contracts, and that such corporations are not liable on implied promises by reason of benefits received. To the same effect is City of Bowling Green v. Gaines, 123 Ky., 562; Craycraft, &c. v. Selvage, &c., 10 Bush, 696; Allin v. County Board of Education, 148 Ky., 746; Perry Co. v. Engle, 116 Ky., 594; Floyd Co. v. Oswego Bridge Co., 143 Ky., 693; Grinstead v. Monroe Co., 156 Ky., 296; Rowe v. Alexander, Co. Atty., 507.

The importance of the rule above announced is well illustrated by the facts of this case. Shepard had no authority to make the purchases in question. He purchased enough insect exterminator to last the city for several years. Suppose some of the employes in the building did make use of it, the General Council promptly rejected the bill, and it alone had the power to bind the city. In cases of this kind a choice has to be made between permitting unauthorized agents to impose liability on a municipal corporation without limit, and imposing on those rendering the services for, or furnishing supplies to, a city, the necessity of seeing that their contracts are made by persons authorized to make them. It may be that an occasional injustice will result; but it is better that this should be than that the taxpayers of

a city whose burdens are already heavy should be subjected to an increased burden imposed by unauthorized agents. Believing that this is the only safe rule, we conclude that the cases of Frankfort Bridge Co. v. City of Frankfort, 18 B. Mon., 41; Nicholasville Water Co. v. Board, 18 Ky. L. R., 592; Board of City of Frankfort v. Capital Gas, &c., Co., 29 Ky. L. R., 1114, 96 S. W., 870, and City of Providence v. Providence Electric Light Co., 122 Ky., 237, 91 S. W., 664, to the extent that they announce a contrary doctrine, should be, and they are hereby overruled.

Judgment affirmed.