### Miles Auto Company v. Dorsey, et al.

(Decided March 23, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Courts—Fiscal Courts—Illegal Purchase of Machinery—Rights and Liabilities of Parties.—Where a fiscal court without authority of law bought an automobile and paid for it, in an action by the fiscal court to recover the sum paid, it should be required to return the machine.

2. Courts—Fiscal Courts—Unauthorized Purchase of Property By— Rights and Liabilities of Parties.—Where a fiscal court without authority bought and paid for an automobile, in a suit by the court to recover back the purchase price, the seller could not, in defense of the action, recover the value of the depreciation in the machine or the value of its reasonable use during the time the court had it. If the fiscal court cannot lawfully purchase machinery, it cannot be required to pay for the use of it.

TRABUE, DOOLAN & COX for appellant.

ROBERT L. PAGE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In Hollis v. Weissinger, 142 Ky., 129, **this court** held that the fiscal court of Jefferson County had no authority to purchase at automobile for the use of the court. Before this opinion had been handed down the court purchased an automobile from the appellant, Miles Auto Co., and paid to it $4,744.14 for the machine. Thereafter, on refusal of the fiscal court to bring a suit to recover back the money so paid, the appellees, as members of the court and taxpayers of Jefferson County, brought this suit against the appellant company to recover the money unlawfully paid out by the fiscal court. From a judgment against it, granting the relief prayed for, the auto company prosecutes this appeal.

A reversal is asked upon two grounds: First, that the fiscal court could not recover the price paid for the automobile without showing that it had tendered the machine back or the amount realized from a sale of it; and, second, that the automobile company was entitled to compensation for the reasonable value of the use of the machine during the time the fiscal court used it, namely, from September, 1910, to March, 1911.

This suit was brought on March 21, 1911, and we find in the record the following stipulation: "It is stipulated between plaintiff and defendant that the sale of the automobile mentioned in the petition, now advertised to be sold on June 29, 1911, may be had upon the understanding that such sale will not prejudice the rights of either the plaintiff or the defendant in this action, and that the proceeds of such sale shall be treated as representing the automobile itself." It appears that at this sale the machine brought $3,250, and this sum of money was retained in the possession of the court for the purpose of being credited on any judgment it might obtain against the automobile company.

The fiscal court could not keep the machine and at the same time bring a suit to recover the money it had paid. It was its duty to offer to return the machine to the auto company; but it seems to us that the agreement between the parties answered every purpose of a tender of the machine, and, consequently, the attitude of the parties is the same as if the machine had been tendered and the tender refused. City of Bardwell v. Southern Engine and Boiler Works, 130 Ky., 222. When the machine was sold the court should have credited the amount received for the machine on the sum sought to

be recovered from the auto company, as the court was entitled to only the difference between what it paid for the machine and the amount for which the machine sold.

But this technical error in practicing the case was perfectly cured by the court in the instructions to the jury. The court, after telling the jury what the fiscal court had paid for the machine and what had been realized from the sale of it, advised them that "the difference between these amounts paid by the fiscal court to the Miles Auto Company, to-wit, $4,774.14, and the amount that the automobile was sold for, to-wit, $3,250, is $1,524.14. I, therefore, instruct you to find a verdict for the plaintiffs in the sum of $1,524.14." In compliance with this instruction there was a verdict for $1,524.14 and judgment accordingly.

In an amended pleading, which was tendered and rejected, the auto company asserted a claim against the fiscal court for $1,084, the amount it claimed the automobile had depreciated in value during the time it was used by the fiscal court. It further asserted a claim for the value of the reasonable use of the machine during the time the fiscal court had it.

We think the court properly refused to recognize the validity of these defenses. The fiscal court had no authority to purchase this machine, and if it had been bought on credit, could not have been compelled to pay any part of the purchase price. In cases like this the only remedy of the seller is to get back his property.

As the auto company could not have recovered the purchase price, or any part of it, if the machine had been sold on credit or time, and could also be required to return the purchase price, if it had been paid, we do not think it should be allowed to recover for the rent or use of the machine, or its depreciation in value during the time the fiscal court had it. This alleged depreciation in value and the value of this use all grew out of and rested on the validity of the sale. If the sale was void, all rights depending on the sale were also void. If the court could not lawfully purchase the machine, neither could it hire it. If the argument of counsel for the auto company should be admitted, then the fiscal court, although it could not purchase a machine, could expend all the money it desired in renting one and in paying for depreciation in value, and this would result in permitting it to do indirectly what it could not do

directly. It would permit it to impose larger burdens for the rent and use of property than it could impose if the thing had been purchased.

The cases of Nicholasville Water Co. v. Board of Councilmen, 18 Ky. L. R., 592, and City of Providence v. Providence Electric Light Co., 122 Ky., 237, in so far as they may have furnished authority for this contention of counsel were expressly overruled in Worrell Mfg. Co. v. City of Ashland, 159 Ky., 656.

Wherefore, the judgment is affirmed.