## Town of Southgate v. West.

### (Decided April 19, 1929.)

JAMES B. MILLIKEN for appellant.

WM. F. CLARK for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The town of Southgate seeks to reverse a judgment for $900 recovered against it by David C. West. This municipality is of the sixth class. By section 3685, Kentucky Statutes, the town of Southgate was authorized to employ an engineer. West testifies that he was so employed in 1923, that he drew plans, specifications, made

estimates of quantities, established grades, etc., for certain improvements to be made upon Electric avenue; that the lowest and best bid received for the work proposed was $60,180.17. He says that the fair, reasonable, and customary charge for the work he did was 3 per cent. of the contract price, and he now insists that by implication the town of Southgate owes him $1,805.40. He admits that he had no fixed salary; that he did other engineering work for the town on other streets during his term of office; and that he was paid for his services out of the assessments made against the abutting property. If the town of Southgate had gone ahead and completed Electric avenue, the reasonable inference is that West would have been paid for his services out of the assessments made against the abutting property on that avenue; but the town did not carry out its plans, and the street was not constructed, hence West had no opportunity to collect for his services by an assessment against the abutting property owners.

By both his pleading and his proof, it is shown West did this work with the understanding and expectation he would receive his pay for it by having it included in the assessments made against the abutting property. Counties and municipalities cannot become indebted by implication. See Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012; Staebler & Gregg v. Town of Anchorage, 186 Ky. 124, 216 S. W. 348; Worrell Mfg. Co. v. Ashland, 159 Ky. 656, 167 S. W. 922, 52 L. R. A. (N. S.) 880.

There have been some cases written by this court in which recovery was permitted against municipal corporations upon implied contracts, but in the Worrell case they were overruled. Those overruled cases are: Frankfort Bridge Co. v. City of Frankfort, 18 B. Mon. 41; Nicholasville Water Co. v. Board, 36 S. W. 549, 38 S. W. 430, 18 Ky. Law Rep. 592; Board of City of Frankfort v. Capital Gas & Electric Light Co., 96 S. W. 870, 29 Ky. Law Rep. 1114; City of Providence v. Providence Electric Light Co., 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1015.

The judgment is reversed, and the trial court is directed to dismiss the petition.