## Gugenheim et al. v. City of Marion.

(Decided February 9, 1932.)

C. C. GRASSHAM for appellants.

JOHN W. BLUE, Jr., and JOHN MOORE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Sam Gugenheim and George P. Roberts instituted an action against the city of Marion to recover for the reasonable value of services rendered by them in pumping water into the city reservoir. The action was not upon a written contract, but the alleged liability was rested upon an implied contract to compensate the plaintiffs for services rendered by them and accepted by the city. The plaintiffs planted the case squarely upon the

decision of this court in the case of Nicholasville Water Company v. Board of Councilmen of the Town of Nicholasville, 36 S. W. 549, 38 S. W. 430, 18 Ky. Law Rep. 592, to the effect that, when a city contracts to receive and pay for water furnished by a company operating under an invalid franchise, the city is bound to pay for the amount of water actually received and used, although the contract may have been invalid. The question raised was later reconsidered by this court in the case of Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656, 167 S. W. 922, 52 L. R. A. (N. S.) 880, where the Nicholasville case, and the other cases following it, were definitely overruled. Miles Auto Co. v. Dorsey, 163 Ky. 692, 174 S. W. 502. Town of Southgate v. West, 229 Ky. 51, 16 S. W. (2d) 499. It is now settled in this state that no recovery against a municipal corporation can be allowed upon an implied contract. But it is insisted that since the city did not stand upon its strict right to refuse to pay for the services rendered, but admitted a partial liability, it thus and thereby consented for the full liability to be ascertained upon the basis of the reasonable value of the services rendered. The city did not dispute all liability to the plaintiffs, but confessed a willingness to pay for the service rendered according to its interpretation of the circumstances under which the services were rendered by the appellants and accepted by the city. The relationship of the parties originated in a written contract dated August 17, 1925, under which the city was entitled to receive free of cost the water pumped from a certain shaft of the plaintiffs' mines. It was necessary, however, for the city to get the water into its reservoir before it could be utilized by it. It was agreed orally between the parties that the plaintiffs should pump the water into the city reservoir for which extra service the city would pay $100 per month. This understanding was carried out for several years without complaint by either party.

The present controversy arose from later developments.

According to the contention of the city, the plaintiffs gave notice that they would cease mining and thereafter they would not be able to deliver the water as they had been doing. It was then orally agreed that, until the city could make other arrangements, the plaintiffs should continue to pump and the city would pay therefor at the

rate of $20 per day. The contract was invalid, because it was not made in the manner provided by the charter of the city. It was a mere temporary expedient to tide over a disappearing difficulty; and the city insisted, further, that the condition under which that arrangement was to become effective did not occur, since the plaintiffs did not cease mining. The mining operations were not suspended, but a change was made in the manner of operations. So the city continued to pay as before, and the plaintiffs accepted the money. Nevertheless, the plaintiffs contended that the old arrangement had been terminated, and under the new conditions they were entitled to recover reasonable compensation.

The circuit court sustained the position of the city. The evidence authorized the conclusions of law announced by the trial judge and embodied in the judgment. The change in the mining operations worked no change in the legal relations of the parties. The trial judge was requested to make a finding of the facts, and it is said he did not comply with the provision of the Code in that respect. Civil Code of Practice, sec. 332. The trial judge simply found that the facts were contained in the bill of evidence, which was not a compliance with the demands of the Code. Boone, Foreman & Lackey v. Wahl, 226 Ky. 773, 11 S. W. (2d) 915. But the appellants were not prejudiced, since no finding of facts possible under the evidence would support the claim of the plaintiffs or entitle them to a judgment. The Civil Code of Practice requires the facts to be found so that this court may have the benefit of the conclusions of the circuit court derived from conflicting evidence. Yet the failure to follow the rule does not require a reversal when no finding possible under any view of the evidence would warrant any different judgment. It would be a vain and useless gesture to require a further finding of facts when no possible view of the case would entitle the plaintiffs to a recovery. The city voluntarily paid the plaintiffs in accordance with the understanding and custom that had prevailed for several years, and the payment was accepted by the plaintiffs. Such payment and acceptance is most persuasive that the city was right in its construction of the arrangement between the parties. If the city did more than was required of it under the law, it would not follow that a still greater liability could be imposed. Certainly the plaintiffs could not complain that it was not

enough to discharge the entire obligation of the city. The latter's consent to pay a sum it considered fair was not an admission of any greater obligation.

The judgment is affirmed.