(Decided May 25, 1934.)

TUGGLE & TUGGLE for appellant.

H. H. OWENS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

W. R. Lay brought this action in equity against the Anchor Block Coal Company, J. S. Green, W. L. Clapp, J. E. Adair, and F. W. Golden. The allegations of the petition were denied by answer. Proof was taken and on final hearing the circuit court dismissed the petition. Lay appeals

The facts stated in the petition are these: On or about December 1, 1927, W. R. Lay, together with the Anchor Dean Coal Company, A. M. Decker, Sr., A. M. Decker, Jr., and F. W. Golden were indebted to the National Bank of John A. Black in the sum of $4,800, which indebtedness was evidenced by a note and had been created by the Anchor Dean Company in the operation of a coal mine known as the Anchor mine in Knox county; prior to that time the Anchor Dean Coal Company owned and operated a coal lease covering the mine, but the lease had become forfeited and the Anchor Dean Coal Company had ceased to operate. About this time J. S. Green, W. L. Clapp, J. E. Adair, and F. W. Golden were proposing to associate themselves together for the purpose of organizing the Anchor Block Coal Company, a corporation; they did organize the corporation, each of them being a fourth holder of the stock subscribed in the organization of the corporation; the main purpose of this was to acquire a coal lease from the Carter Coal Company, the owner of the Anchor mine, and they were negotiating with that company for the lease. The Carter Coal Company had offered to lease the property to them at a royalty of 15 cents per ton, but they had declined to accept the proposition at a royalty of 15 cents per ton, and in order to procure the proposed lease at a less rental per ton, the four persons named,

through Adair and Golden acting on behalf of all four, entered into an agreement with Lay stating that the four had agreed to organize the corporation and desiring services to aid them in securing the lease, proposed to Lay that if he would assist them to procure the lease on a royalty of 12½ cents per ton and have the Carter Coal Company execute the lease to the corporation they proposed to organize, they and the said corporation would pay him $4,800, the amount of the note to the bank, and that this sum should be due and payable to him as coal should be mined and shipped from the premises at the rate of 1 cent on each ton of coal mined and shipped; the plaintiff accepted the offer and immediately began negotiations with the Carter Coal Company for the lease, on a rental basis of 12½ cents a ton, and procured it from the Carter Coal Company and the lease was delivered to the Anchor Block Coal Company, which the defendants thereafter organized, and it took possession of the premises, paying the royalty to the Carter Coal Company of 12½ cents a ton, but failing and refusing to pay the sum of $4,800 or to furnish him a statement of the amount of coal shipped; he did not know the exact amount of coal shipped, but alleged that there had been as much as 25,000 tons of coal so shipped, the 1 cent royalty on which would amount to $250, for which judgment was prayed, and that the defendant should be required to disclose the exact amount of coal shipped and to account to him for the sum of $4,800 and interest, as such payment became due under the contract. The petition was filed March 20, 1929.

Lay testified practically to the facts stated in his petition and his testimony as to the contract made with him by Golden was sustained by Golden and Adair. On the other hand, Green and Clapp testified that they knew nothing of this agreement to pay 1 cent royalty and never agreed to pay Lay anything and knew nothing of any arrangement made between Golden and Lay. The new company was organized in the name of the Anchor Block Coal Company and took over the property and operated it without taking any action as to the 1 cent royalty claimed by Lay and denying all liability therefor. The proof as a whole shows very clearly that Adair and Golden never understood that they were binding themselves personally to pay Lay the 1 cent royalty. As a whole, the proof satisfies the court that Lay always understood the contract to be that the new company,

472

when organized, would pay this royalty, and that he understood that there was no personal liability on the part of any of the four men above named to pay him the money. At the rate at which the coal would be reasonably gotten out, it would take about ten or fifteen years to get out this amount of coal in the way that such operations had usually been conducted. and it is very clear that Lay did not look to the four men named to pay him the money.

According to the proof for the defendants, which is uncontradicted, Adair, Golden, and Lay were all on the note for $4,800 to the bank. Adair and Golden had little property and any personal judgment here would be paid by Green and Clapp. Adair and Golden, in testifying for Lay, are really testifying for themselves, because if Lay succeeds they will never be called upon to pay any part of the $4,800 note.

The Anchor Block Coal Company was organized February 1, 1928; it never took any action in the matter and can only be held liable on the basis of an implied assumpsit, Farmers' Bank v. Smith, 105 Ky. 816, 49 S. W. 810, 20 Ky. Law Rep. 1637, 88 Am. St. Rep. 341; but no facts are alleged in the petition or shown by the proof creating such liability. The suit was on an express contract and none was proven. The judgment dismissing the petition as to it cannot be disturbed.

Judgment affirmed.