## Louisville Extension Water Dist. et al. v. Sloss.

January 26, 1951.

William H. Field, Judge.

Franklin P. Hays, Frank W. Burke, and Skaggs, Hays & Fahey for appellants.

Lawrence S. Grauman for appellee.

CHIEF JUSTICE CAMMACK—Reversing.

The appellee, Robert L. Sloss, attorney at law, filed this action against the appellants, the Louisville Extension Water District and its Board of Water Commissioners, Frank J. Murphy, Ambrose Hagerman and Arthur J. Steilberg, in their official capacity to recover $1,000 as a fee for services rendered in organizing the water district in 1942 and for certain services rendered thereafter. The appellants' demurrer to the petition and petition as amended was overruled. The appellants filed answer, which was traversed by a reply. Upon the completion of the proof for both sides, the court directed a verdict for the appellee, leaving only the amount of recovery to the jury. From a judgment on the verdict for $1,000, this appeal is taken.

The appellee, Mr. Sloss, is a regular practicing attorney of the Jefferson County Bar, with extensive experience relating to the organization and operation of water districts in Kentucky. A number of residents of the area now included in the Louisville Extension Water District sought the assistance of Mr. J. H. Byrd in forming a water district in order to give them a water supply. Mr. Byrd secured the services of the appellee as attorney, acting on behalf of more than one hundred resident

freeholders of the proposed district. The appellee prepared a petition for presentation to the Jefferson County Court. Upon objections being filed by Dr. Shacklette and others to the formation of the water district, the appellee secured the withdrawal of these objections and in due time succeeded in getting the court to enter an order establishing the district and a further order naming the first commissioners of the district. These three commissioners took the oath of office before the appellee as a notary public. Shortly after the district was organized the appellee was called into active military service, on which duty he remained for about four years. During that time his law partner did certain legal work with reference to the water district for him.

There is no showing by either pleading or proof that the Louisville Extension Water District as such ever had an express contract of employment with the appellee. It is urged by the appellee that the freeholders who sought to organize the water district had the authority on its behalf to bind it to a contract with the plaintiff. It is further urged that in any event the appellants are bound to pay the reasonable value of the services rendered, because of the acceptance of these services which were essential and beneficial to the water district.

It is the rule in this jurisdiction that no municipal corporation may be bound on the theory of implied contract. The cases stating otherwise were specifically overruled in Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656, 167 S. W. 922, 52 L. R. A., N. S., 880, which was approved and followed in Gugenheim v. City of Marion, 242 Ky. 350, 46 S. W. 2d 478. With particular reference to attorneys, see City of Covington v. Hallam & Meyers, 16 Ky. Law Rep. 128, and City of Owensboro v. Weir, Weir & Walker, 95 Ky. 158, 24 S. W. 115. In the case of District of Highlands v. Michie, 107 S. W. 216, 217, 32 Ky. Law Rep. 761, we said: "* * * The trustees of a city or other municipal corporation may not, in their individual capacity, employ counsel to represent it in litigation; nor does the fact that an attorney renders services to a municipal corporation entitle him to recover for such services under an implied contract. * * *"

The appellee cites the case of Farmers' Bank of Vine Grove v. Smith, 105 Ky. 816, 49 S. W. 810, to the

effect that a private corporation is liable for necessary services rendered in its organization, the benefit of which it has accepted. In that case it was said:"* * * We are of opinion that a corporation is, by an implied contract, liable for such or any services rendered for the use of the corporation as are necessary to its formation, or may be necessary to be done by it, after its incorporation, in furtherance of its corporate business."

Since, under our law, municipal corporations may not be bound on the theory of an implied contract, the rule set out in the above case and similar cases so holding is not applicable to the case at bar. We find no authority in either the statutes or the opinions of this Court for allowing the organizers of a municipal corporation to subject that corporation to liabilities not expressly imposed by the statutes.

Since we conclude that judgment should have gone for the appellants on the grounds stated, it is unnecessary to discuss other questions raised.

The judgment is reversed with directions to set it aside and for the entry of a judgment in conformity with this opinion.