**John W. QUICK, Appellant,**

v.

**CITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Dec. 31, 1980.

Rehearing Denied Feb. 20, 1981.

Discretionary Review Denied
April 7, 1981.

---

Max H. Schwartz, Bedford, for appellant.

Herman E. Frick, First Asst. Director of Law, Louisville, for appellee.

Before COOPER, GANT and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment dismissing an action for failure to state a claim. CR 12.03. The issue presented herein is whether the trial court acted correctly in so dismissing said action. On review, we affirm.

The pertinent facts involved in this litigation are as follows: The appellant, John W. Quick, was appointed acting director for the Department of Works for the City of Louisville in March of 1964. He held that position until February of 1970. While acting in that capacity, he terminated a construction contract between the City and a contractor due to the contractor's failure to complete it within the specified time. The construction project, known as "Founders Square," was subsequently awarded to a different contractor, who successfully completed it. In 1974, four years after resigning his position with the Department of Works, the appellant, together with other parties, was sued in the United States District Court for violation of federal antitrust laws. This suit was eventually dismissed after two and one-half years. At one point during the pendency of the action, the appellee, the City of Louisville, allegedly promised to pay the appellant for his legal expenses and costs. However, that promise was never fulfilled. Thereafter, the appellant then brought this action to recover such costs and expenses. The trial court dismissed it for failing to state a claim upon which relief could be granted. It is from this judgment that the appellant now appeals.

The question presented herein is whether the action filed by the appellant failed to state a claim upon which relief could be granted. The action stated, in part, that the appellee was liable in damages to the appellant for expenses and costs incurred in defending the federal antitrust suit. Yet, the appellant failed to state either a claim based on negligence or breach of an implied or express contract in seeking damages against the appellee.

It is undisputed by both parties that there was no express contract that the appellee would be liable for such expenses. Under KRS 91.120, any substantive contract entered into between the city and a third party must be reduced to writing and approved by the mayor. Here, there was no such contract.

Notwithstanding the absence of an express contract between the parties, the appellant argues that the appellee is subject to liability under the equitable principle of indemnity. *Brown Hotel Co. v. Pittsburg Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949); *Kentucky Utilities Co. v. Jackson County Rural Electric Coop. Corp.*, Ky., 438 S.W.2d 788 (1969). We disagree. The right of indemnity may be characterized as resting upon the concept that a party is responsible for the consequences of his own wrong-doing. *Union Carbide Corp. v. SWECO, Inc.*, 610 S.W.2d 932 (1980).

**430**

Here, there was no wrong-doing on the part of the appellee. It did not breach either an implied or express contract. Furthermore, a review of the record discloses that the appellee did defend two separate, yet related, actions filed against it by the dismissed contractor.

As a victim of an alleged anti-trust conspiracy, the appellee in no way benefitted from the appellant's action. In point of fact, the appellant's interest was adverse to that of the appellee. Consequently, there was no unjust enrichment or breach of a contract implied in law. *Fayette Tobacco Warehouse Co., Inc. v. Lexington Tobacco Board of Trade*, Ky., 299 S.W.2d 640 (1957); *Louisville Extension Water District v. Sloss*, 314 Ky. 500, 236 S.W.2d 265 (1951). Furthermore, at the time the appellant was made a party to the federal anti-trust action, he made no attempt to make the appellee a third party defendant. CR 14.01. In effect, the appellant slept on what rights, if any, he may have had against the appellee.

Finally, the appellant argues that an action for indemnity should exist against a municipal corporation as a matter of public policy. Again, we disagree. The consistent public policy in this jurisdiction is that there will be no recovery against a municipality where there is no authorized contract with the municipality. *See Floyd County v. Allen*, 137 Ky. 575, 126 S.W. 124 (1910); *Worrell Manuf. Co. v. City of Ashland*, 159 Ky. 656, 167 S.W. 922 (1914).

Here, the appellant apparently delayed in filing an action against the appellee, apparently believing that the latter would fulfill its promise to defray the cost of his legal expenses. Such promise was not fulfilled. It is unfortunate, but nonetheless apparent that the appellant has no legal remedy against the appellee. The action filed against the appellee failed to state a claim either in tort, contract, or on the basis of equitable indemnity. As a consequence, the trial court acted correctly in dismissing said action.

The judgment of the trial court is affirmed.

All concur.