CITY OF COVINGTON *v.* WOODS.

[Kentucky Law Reporter, Vol. 3—85.]

**City Improvement Contracts.**

The city council can only enter into an improvement contract by following the course prescribed by the law, and parties contracting with a city are bound to know the law regulating the mode of contracting and under what state of case such contracts for improvements can legally be made.

APPEAL FROM KENTON CHANCERY COURT.

June 25, 1881.

OPINION BY JUDGE PRYOR:

Our attention having been called to the case of *Murphy v. City of Louisville,* 9 Bush (Ky.) 189, we can not well see how the judgment is to stand, if the principle recognized in that case is to govern this, and we see no reason for departing from the rule. The cases are analogous, and there is no reason for making an exception.

The council had the power to contract in a particular way only, and the party contracting with the city must be presumed to know the law regulating the mode of contracting, and under what state of case such contracts for improvements can be made.

In this case it was held, in the former opinion, that the council

had no power to make the contract without first referring their proceedings to the committee on law, and having failed to do this the contract was invalid. It was the duty of the appellee to see that they were acting within the scope of the authority given.

Rehearing granted, judgment *reversed* and cause remanded.

*M. L. Roberts, for appellant.*

*D. A. Glenn, for appellee.*