## Staebler & Gregg v. Town of Anchorage.

(Decided December 2, 1919.)

Appeal from Jefferson Circuit Court

(Common Pleas Branch No. 4).

1. Municipal Corporations—Towns of Sixth Class—Contracts for. —The board of trustees of a town of the sixth class, is vested with the only authority to make contracts for the town, and such contracts, to be valid and binding upon the town, must be made in the manner required by the statutes, which constitute the charters of such towns.

2. Municipal Corporations—Street Construction—Contract for—Ordinances.—When a town of the sixth class proposes to construct or reconstruct a street, and the expenditures for same will exceed $100.00 in work to be done or materials to be furnished, it must do so by contract, which must be let to the lowest responsible bidder, after due notice, under such regulations as may be prescribed by an ordinance, and the action of the board of trustees, in ordering the work, must necessarily be accomplished through an ordinance.

3. Municipal Corporations—Street Improvements—Ordinances—Contracts.—A contract, for improving a street of a town of the sixth class, which is not ordered by ordinance, nor let to competitive bidding, or if the contract, entered into, is materially different, in its terms, from the proposal, submitted to competitive bidding, it is invalid, so far as being a contract of the municipality.

4. Municipal Corporations—Implied Contracts—Services.—A municipal corporation is not obligated by any implied contract to pay for services, rendered on account of benefits received.

5. Municipal Corporations—Wrongful Seizure of Personal Property—Measure of Damages.—One whose personal property has been wrongfully seized and converted to its use, by a municipal corporation, may maintain an action against it for the damages, the measure of which is the value of the property; or if a municipality wrongfully detains personal property, from its owner, he may maintain a suit for the recovery of the specific articles or their value, and damages for their detention.

6. Municipal Corporations—Invalid Contract for Street Improvement—Damages.—Where a person enters into an invalid contract for the improvement of a street of a municipality and the municipal corporation disavows the contract, and refuses to allow its performance, and the contractor has, upon the streets of the town, articles of personal property, for the purpose of applying them to the contract, but, same has not been done, he has the right to remove same, and if the corporation seizes and appropriates same, he may maintain an action against it for damages.

BURWELL K. MARSHALL for appellant.

MOORMAN & WOOWARD and HARDIN H. HERR for appellee.

Opinion of the Court by Judge Hurt—Affirming.

The appellants, Staebler & Gregg, under what we assume, that they supposed to be a contract with the town of Anchorage, a town of the sixth class, made certain improvements upon a street, in the town, and furnished materials, therefor, and thereafter, before the completion of the contract, according to its terms, the town repudiated the actions of its officials, or such of them, as purported to make the contract, and refused to permit the appellants to proceed further. The appellants instituted this action to recover, of the town, the value of the work and materials, to the extent, that they had done work and furnished materials in the performance of the alleged contract, and, also, to recover certain personal property or its value, which they alleged, that they were the owners of, and of which the town had taken possession.

A motion, by the town, to require appellants to make their petition more specific, having been overruled, the appellee, town, filed an answer, the first paragraph of which was a traverse of the averments of the petition, and the second paragraph attempted to set up a counter-

claim against the appellants. The appellants demurred generally to the second paragraph of the answer and counterclaim, and the court, upon consideration of same, adjudged, that the demurrer relate back to the petition, and sustained the demurrer to both the petition, and the second paragraph of the answer. The appellants then amended their petition, and the town, insisted upon its demurrer to the petition as amended, which was sustained. The appellants having been granted leave to again amend their petition, did so, by filing an amended petition, which purported to set out their cause of action, completely and fully. The court then required the appellants to elect, which cause of action, they would rely upon for recovery, to which they objected, but elected to rely upon the matters, as pleaded in the last amended petition, which consisted of two paragraphs. The appellee then demurred, generally, to each paragraph of the petition, as amended. The demurrers were sustained, and the appellants declining to further plead, a judgment was rendered, dismissing their petition and, the appellee, having failed to amend the second paragraph of its answer, setting up its counterclaim, it was, also, adjudged to be dismissed. From the judgment, dismissing their petition, the appellants have appealed.

It will be assumed, that any averments in the original and first amended petition, which are contradictory of those embraced in the last amended petition, were abandoned by the appellants, as the last amended petition appears to contain a complete statement of their cause of action, and a statement of the actual facts, upon which their action is based, and for the purposes of decision, it will be unnecessary to consider anything, except the facts averred, in their last amended petition and the relief there sought. From it, the facts upon which their cause of action is based, at least so far as the allegations of the pleadings extend, are substantially as follows: the appellee is a town of the sixth class; the appellants are partners; the board of trustees of appellee enacted an ordinance, by which it ordained, the improvement and reconstruction of Railroad avenue, between Thompson and Johnson avenues, and that the costs of such reconstruction, should be paid out of the general funds of the town, and in accordance with the ordinance, the appellee caused plans and specifications of the work to be done and ma-

terials to be used, to be made, and advertised, for the reception of bids to do the work and furnish the materials, and that the contract to do the same, would be let to the lowest responsible bidder; the appellants made a bid to do the work and furnish the materials, in accordance with the plans and specifications. The bid was in writing, and undertook, if the proposal embraced therein was accepted, that they would enter into a contract to provide themselves with the necessary machinery, tools and means of construction and to do the work and furnish the materials specified in the plans and specifications, according to the requirements of the engineer of the town, and would take, in full payment thereof, certain sums, for the items of work and materials, set out in their proposal. The written proposal, is set out in full, in the petition. It is then averred, that their bid was the lowest and best bid, and that thereafter, at a regular adjourned meeting of the board, held on April 28, 1916, the board of trustees, unanimously adopted a resolution, by which it was provided, that the proposal or bid of appellants, for construction of the avenue be accepted, except that the proposal or bid for the construction of concrete side walks, provided for in the plans and specifications and embraced in the bid, be not accepted, but, the remainder of their proposal, the costs of which it was estimated to amount to $7,485.50, be accepted as recommended by the engineer, and that a contract to perform the work and furnish the materials as specified in the plans, and specification, as amended by eliminating that portion, relating to concrete sidewalks, be prepared and executed by appellants and by the appellee, by the chairman of the board of trustees; that, thereafter, on the 8th day of May, the appellants and the town, by the chairman of its board of trustees, entered into a contract, which was reduced to writing and signed by them. The contract is set out in full, in the petition.

The writing, alleged to be a contract between appellants and appellee, recites, that whereas the appellee had advertised for bids for the construction of the street, in accordance with plans and specifications prepared by engineers, in the employ of appellee, and whereas the appellants were the lowest and best bidders and had submitted their proposal or bid in writing, and the writing, containing the bid, is attached to the contract and made

a part of it in accordance with the plans and specifications, which are, also, attached and made a part of the contract, and that the aggregate of the bid amounts to $9,981.50, and whereas subsequent to the making of the bid, but before the execution of the contract, that appellants and appellee have agreed, that the specifications and bid be modified to the extent, that the sidewalk, provided by the plans and specifications, should not be constructed, and, that the costs of its construction be eliminated from the specifications and bid, and further, that the appellee should have the right if it should so elect, to use an asphalt binder, instead of a Tarvia X binder, as provided in the plans and specifications, and in the event the appellee, elected to do so, the appellants would reduce the amount, at which they had proposed to do the work, by the sum of $2,420.00, being the cost of twenty-two thousand gallons of Tarvia X binder, at eleven cents per gallon, provided, however, that the appellee would furnish the appellants, at its costs, the asphalt to be used as a binder in tank cars f. o. b. Anchorage, Ky., and should supply the appellants with two tank wagons and a sufficiency of cans for spreading the asphalt. This writing was subscribed by appellants, and the town of Anchorage, by its chairman of the board of trustees. It is then alleged, that by a mutual mistake, a covenant by the appellants to do the work and furnish the materials, and a covenant by the appellee to pay, for same, the prices specified in the bid, was left out of the writing, and the writing should be amended, to include these covenants. The appellants, further, allege, that they executed a bond, with surety approved by the appellee, for the performance of the contract. The work was to be performed, before September 1, 1916, and that, in pursuance of the contract, they performed labor and furnished materials in the amounts sued for, but, were not able to complete the work, under the contract, by the time stated, because of wrongful interference by appellee and its agents, and that, on September 8, 1916, the appellee wrongfully compelled them to discontinue any attempt to perform the contract. It is further, alleged, that appellants and appellee made another contract, on August 5, 1916, by which it was agreed between them, that appellants were to pay appellee eighty-four cents per yard for the crushed stone or screenings, which was to be spread

upon the street, under the contract relied upon for the improvement of the street. With what official this latter contract or modification of the former contract was negotiated does not appear, and it is not alleged that the board of trustees had any connection with it. Under this contract as modified, the appellants did work, and furnished materials to the sum of $3,567.10, and had received payments, therefor, in the aggregate sum of $1,679.53. By a second paragraph, the appellants alleged that they were the owners, of certain specified pieces of pipe, and tiles, etc., of the value of $244.50, which they had, on the streets of appellee, for the purpose of using in the performance of their contract, but, when appellee refused to permit them to perform the contract, it took such pipe, tiles, etc., into its possession. The pleading concluded with a prayer for the recovery for work and materials furnished, in the sum of $3,567.50, to be credited by $1,679.53, and for the recovery of $244.50, for the pipe, tile, etc., which they alleged, that appellee had taken into its possession.

Several grounds are urged, upon which it is contended, that the petition as amended, does not state a cause of action, upon which appellants are entitled to recover, but it is not necessary to consider more than one. If the appellants did not have a contract with the town, by which they legally were authorized to do the work and furnish the materials, sued for, and which obligated the town to pay for same, when performed and furnished, they have no right of recovery, in any event. In the light of the fact, that a municipal corporation is a creature of the law, and that the power of the board of trustees of a town of the sixth class to legislate or to make contracts is all derived from the provisions of the statute laws, which constitute the charters of municipalities of that class, it scarcely seems necessary to say, that in order for it, or any of its officers to make a contract, which will be binding upon the municipality, that it must confine its attempts to contract, to the subjects over which it has power by virtue of the statutes, and must proceed in the making of contracts, in the manner prescribed by its charter provisions. Contracts, made by boards of trustees of such towns which are in violation of their charter provisions, and which they do not make in the manner prescribed by same, and attempts at contracts made by

the officers of such towns, when not authorized to do so, in the manner, prescribed by law, are void so far as concerns the municipality. One performing services for a municipal corporation under a void contract, is in the same condition, as if he had performed the services, without any pretense of a contract, at all, in which state of case, he would be compelled to rely, for a recovery, upon the ground, that the municipality having received the benefits of his services, the law has raised a promise upon its part to pay the reasonable value of the services. This would be a good ground for recovery, if the services had been rendered for an individual or a private corporation, but, the rule firmly upheld in this jurisdiction, is, that there can be no recovery against a municipal corporation upon an implied contract to pay for services, because of benefits received. City of Louisville v. Parsons, 150 Ky. 420; City of Princeton v. Princeton Electric Light Co., 166 Ky. 740; Worrell Mfg. Co. v. Ashland, 159 Ky. 656; Belleview v. Hohn, 82 Ky. 1. Covington v. Hallam & Myers, 16 R. 128; City of Newport v. Schoolfield, 142 Ky. 287; Owensboro v. Weir, 95 Ky. 195; District of Highlands v. Michie, 32 R. 761. Before one can claim, with any show of reason, that he has a contract with a municipal corporation, it must appear, that the contract was made with him by the governing body or officer of the corporation, who is authorized to make a contract for the corporation, and that the express requirements of the statutes were adhered to, in the manner of its making, if the statute requires, that it be effected after a certain manner. Section 3706, Kentucky Statutes, empowers the board of trustees of towns of the sixth class, to order street improvements to be made, and no other body or person is vested with such authority. Section 3707 Kentucky Statutes, relating to towns of the sixth class, provides as follows:

"In the erection, improvement and repair of all public buildings and works, in all streets and sewer work, and in all work, in and about streams, bays, or water fronts, or in or about embankments or other works for protection against overflow and in furnishing any supplies or materials for the same, when the expenditure, required for the same, exceeds the sum of one hundred dollars, the same shall be done by contract and shall be let to the lowest responsible bidder, after due notice,

under such regulations as may be prescribed by ordinance.''

Hence, it will be observed, that when the board of trustees of a town of the sixth class proposes to improve or repair a street, and the expenditure, for the same for work or materials, exceeds the sum of $100.00, it must enact an ordinance providing for the improvement, and for letting the work, or furnishing materials for the same, to the lowest bidder, and entering into a contract with such bidder, and there must be due notice of the letting, so that persons, desiring to bid, may have an opportunity to do so. A valid contract for such a work, can not be entered into, unless these express requirements of the charter, be observed, and neither the board of trustes nor other officer of the municipality can ignore these requirements, and make a contract, which will be a contract of the municipality. The appellants do not set out the provisions of the ordinance, in their pleadings, but assuming, that they were sufficient to legally ordain the work to be done, and the materials to be furnished for the improvement, and the notice of the letting was sufficient, to the persons desiring to bid, and that the bid of appellants was in accordance with the ordinance, and was the ''lowest responsible'' bid, and that the ordinance provided for the acceptance of the bid and authorization of the chairman of the board to execute the contract, yet, the board of trustees did not accept the bid made in writing to the board under the ordinance which required the work and furnishing of the materials to be submitted to competitive bidding, but, changed the contract, which was proposed to be let to the lowest bidder, ''after due notice,'' under the ordinance, by eliminating from it, the construction of the sidewalk and the costs of same, which they did without the enactment of any ordinance, and directed the chairman of the board to execute a contract for the work proposed, after eliminating the sidewalk. There is no allegation of the appellants' pleadings, which avers, that the provisions of the ordinance were such, as to authorize the board of trustees to accept the appellants' bid for any less than the whole of the work and materials, which was submitted to competitive bidding. If it should be conceded however, that the action of the board of trustees was witmin its authority, the contract which was entered into between appellants and the chairman of

the board, and because of which the work was done and materials furnished, which are sued for, was an essentially different contract, from that, which the board of trustees agreed to the making and authorized its chairman to enter into by its resolution. The contract, actually entered into, provided, that the town might release the appellants from using in the work of construction of the street, the "Tarvia X" binder, provided for, by the ordinance, and embraced in the proposal, which was let by the town to competitive bidding, and the appellants' bid to use which was accepted by the resolution, and substitute for it, an asphalt binder, and in that event, the appellants were to reduce the amount to be paid them, for the performance of the contract, in the sum of $2,420.00, but, the town was to furnish the asphalt binder, and two wagons and cans with which to spread it. As the appellants allege the use of asphalt binder, and no Tarvia X binder, it is assumed, that some one assuming to act for the town, made an election to use the asphalt binder, but, this seems to have been done without any attempt by the board of trustees to make an election. If the change made by the contract, from the plans and specifications, which constituted the proposal, which was let to competitive bidding under the ordinance, was an immaterial one, doubtless, the validity of the contract would not be affected, but, a departure so material as the one, made in the contract here destroys its validity, as the chairman of the board makes a contract, which has never been authorized in any way by the board of trustees. The purpose of the requirement, by the legislature that proposals for improvements of the character, in controversy, should be let to the "lowest responsible bidder, after due notice," is too apparent for discussion, and to permit a board of trustees, or other officers of a town, after a proposal for improvements have been submitted to competitive bidding "after due advertisement," and the bidders have exercised their privilege, then to change the plans and specifications of the work, in a material way, and let contracts, in accordance with such unauthorized changes, would defeat the entire purpose of the legislature. Discussing the purposes of such legislation and the validity of contracts made in violation thereof, it is said in Dillon on Municipal Corporations, section 807 (5th ed.): "In keeping with the same general principle, that all proceedings

must be of such a nature as to secure competition, the bid must conform to the plans, specifications and advertisement of the municipality and the contract, entered into, must, also, conform to the plans, specifications and advertisement. If a contract differing therefrom in terms be awarded or made, it can not be said to have been the result of the competition which the statute requires and it is invalid. The rule, that the contract must conform to the plan, specifications, bid and advertisement applies, although but one bid was made, and although there is no allegation or suggestion of fraud, and although the change made in the contract, is to the advantage of the city.''

The demurrer to the first paragraph of the petition as amended, must be affirmed.

As to the second paragraph of the petition, as amended, when the illegal contract, sued on, was repudiated and appellants required to discontinue operations under it, it is clear, that the town was without right to seize or appropriate their personal property, which had not been appropriated by them to the invalid contract, and rely upon the contract to keep it, and at the same time, deny the existence of the contract and resist its performance. The contract being invalid, it gave the town no right to the piping and tiles, sued for, and which may have been left by appellants upon the ground in the street. If it seized such personal property of appellants, without any more right, than the invalid contract gave it, and appropriated it to its use or sold or destroyed it, the appellants are entitled to recover damages for such tortious act, the measure of which is the reasonable value of the property, when converted or sold or destroyed. If the town has not converted the property to its use, but, still has same in its possession, the appellants may recover the specific articles, or their value, with damages for their detention. The town is however responsible only for its acts, which are done in its corporate capacity, and through its properly authorized agencies. The paragraph, however, fails to state a cause of action for tortious conversion, or a cause of action for a recovery of the articles, or their value, as it neither alleges a wrongful conversion, nor in fact, any disposition of the property by the town, nor a wrongful detention of it. The averment of appellants being that the town took the personal prop-

erty, into its possession, and nothing more, and from which it can not be inferred, that the town has either converted the property to its use, or is wrongfully detaining it from appellants. The demurrer, was therefore properly sustained to the second paragraph.

The judgment is therefore affirmed.