---

## Hatchell, et al. v. Board of Drainage Commissioners of Hickman County, et al.

### (Decided April 19, 1921.)

### Appeal from Hickman Circuit Court.

1. Drains—Discontinuance of Ditch.—The provisions of subsection 49a of section 2380, Ky. Statutes, can not be invoked to discontinue a ditch in a drainage district, as a public ditch, until after the construction of the ditch contemplated in the establishment of the district has been completed.

2. Drains—Creation of Drainage District.—A drainage district is a governmental agency for the exercise of a legislative power, and can be created by legislative authority only, nor can it be dissolved except by such authority.

3. Drains—Dissolution of Drainage District.—Authority delegated by the legislature to dissolve or discontinue a drainage district must be pursued at the time and in the manner prescribed to effect that result.

J. C. SPEIGHT for appellants.

J. D. VIA for appellees.

Opinion of the Court by Chief Justice Hurt—Affirming.

This appeal involves the effect upon and the applicability of the provisions of sub-section 49a of section 2380, Vol. 3, Ky. Stats., to a drainage district which has been established and organized in accordance with the provisions of chapter 64, Session Acts, 1918, and which is now section 2380b, sub-sections 1 to 61, inclusive, of Vol. 3, Ky. Stats.  Sub-section 49a, *supra,* is as follows:

"Discontinuance of Ditches.  If at any time a majority in number and amount of those assessed for the maintenance of any public ditch shall petition the county court for a discontinuance of said ditch as a public ditch, the judge shall docket the said petition upon the docket of his court which convenes not less than fifteen days after the filing thereof with him, and issue notices and cause same to be served upon all parties interested that, at the next term of his court, he will consider the said petition, and if no valid reason is shown against the discontinuance of said ditch, said judge shall enter an order discontinuing same, and after said order of discontinuance is entered, it shall cease to be a public ditch in this state. . . .  For the purpose of enabling the county judge to give notice to those interested, the petition seeking the discontinuance of said ditch shall give the names of all persons interested in the maintenance of said ditch and owning lands within said drainage district."

The controversy as to the applicability to and the effect of the provisions of the section, *supra,* upon a drainage district established in accordance with the requirements of section 2380b, Ky. Stats., arose in the following way.  On May 17, 1919, a petition was filed by the requisite number of landowners in the proposed district, in the county court, seeking the establishment of a drainage district, in part, in the county of Hickman and in part, in the county of Graves, and denominated the Brush Creek Drainage District.  The petition averred that it was the wish of the petitioners to proceed to the establishment of the district as provided by the requirements of section 2380b, *supra,* and following the filing of the petition all of the statutory steps for the establishment of the district as required and provided for by section 2380b, were duly taken, up to and including the confirmation of the report of the board of appraisers and the final reference of the

proceeding to the board of drainage commissioners for the making of the improvements contemplated in the establishment of the district, as authorized by the statute under which it was proposed to be established. These included the reference by the court of the proceeding to the board of viewers, its report and the order confirming same, a judgment of the court establishing the district, the appointment of an engineer and the report by him of a "Plan of Reclamation" which included a survey of all the lands embraced in the district, the appointment and reference to the board of appraisers of the "Plan of Reclamation" and its report of the assessment of damages which would be suffered by each owner from the making of the proposed improvement and the benefits accruing to each tract of land thereby, the confirmation of the latter report and the final reference of the proceeding to the board of drainage commissioners for the construction and maintenance of the improvement contemplated. It is admitted that all the steps required by law in the proceeding were duly taken and the necessary orders made, and judgments rendered to make effective the proceeding to establish a drainage district up to and including the judgment confirming the report of the board of appraisers and final reference to the drainage commissioners, and no appeal was taken by any one from any order or judgment in the proceeding, although all parties interested were duly brought before the court. The foregoing facts are ascertained from the pleadings. No evidence was heard upon the trial, and only such proceedings and facts as are alleged and not controverted by any pleading are stated above as having transpired.

After all of the foregoing had been accomplished, but before any of the proposed improvements for which the district had been established, had been made, the appellants who were, also, of those who had originally been petitioners in the proceeding for the establishment of the district, filed the petition, in this action in the county court, in which they averred that they were a majority of the persons owning lands in the district, and that they owned more than a majority of the acres of land embraced in the district, and prayed a judgment of the court discontinuing it. Their petition was dismissed upon a demurrer in the county court, but they appealed to the circuit court, where the pleadings were completed by the filing of an answer by the board of drainage commis-

sioners and the owners of the lands in the district, who had not joined in the petition for the discontinuance, and the filing of a reply by the appellants. The answer merely alleged, in somewhat greater detail than was stated in the petition, the proceedings which had been had for the establishment of the district, and the averment that the plaintiffs, the appellants here, were a majority in number and amount of those owning lands within the district, was not controverted, nor was there any plea of estoppel tendered. The answer, however, did aver that sub-section 49a of section 2380, *supra,* upon which the plaintiffs were relying, had no application to a drainage district established under section 2380b, *supra,* and furthermore averred that sub-section 49a, *supra,* was void because not enacted in compliance with section 51 of the Constitution. A trial in the circuit court resulted in a denial to the plaintiffs of the relief sought and the dismissal of their petition, and they have appealed to this court.

The appellants, who were the plaintiffs below as before stated, were a portion of those who were petitioners for the establishment of the district, but they are not now claiming that their petition in this action is in the nature of the exercise of the right of a plaintiff to dismiss his action, and thus to discontinue the district and the proceeding to construct the improvements contemplated, and if such claim was directly asserted, it would be untenable since all the authorities hold that a portion of the petitioners for the establishment of a drainage district, alike signers of petitions to establish roads, to hold elections and such like, can not withdraw their names from the petition so as to deprive the person or tribunal, authorized to act upon the petition, of the power to do so, and thus destroy the jurisdiction and render the action futile after the petition has been finally acted upon, and its prayer granted, as in this case. The attempted withdrawal of a portion of the petitioners after such petition has been finally acted upon and jurisdiction to act asserted, will not affect the power of the tribunal to finish the proceeding upon the behalf of the remaining petitioners. Sims v. Rosholt, 112 N. W. 50; Snedeker v. Sims, etc., 124 Ill. App. 380; Littell v. Vermillion Co., 198 Ill. 205; Munson v. Blake, 101 Ind. 78; Little v. Thompson, 24 Ind. 146; Davis v. Henderson, 127 Ky. 13; Barton v. Edwards, 143 Ky. 712; Dunham v. Fox, 100 Ia. 131.

Hence, if the provisions of sub-section 49a of section 2380, Ky. Stats., *supra,* do not authorize the relief sought by appellants, their action is clearly not maintainable, and that the provisions of that section do not authorize the discontinuance of a drainage district at the stage of the proceeding wherein the appellants seek to discontinue the one in controversy, here, is very clear from reasons hereinafter stated.

It will not be disputed, that, a drainage district is a governmental agency for the exercise of a legislative power and its establishment can be effected only by a delegation of authority for that purpose by the legislature, and likewise such a district can be annulled and discontinued by legislative authority only. It furthermore must be conceded, that when the legislature has delegated authority to discontinue or dissolve a drainage district, the delegated authority must be exercised substantially as provided, both as to time and manner, in order to effect a dissolution or discontinuance of a district. People v. Union District 1, etc., 165 Ill. 156. The legislature has delegated no other authority, which authorizes the discontinuance of any part of a drainage district, which has been established, except such as is conferred by sub-section 49a, of section 2380, *supra.* It will be observed, that by the section, *supra,* the legislature has not delegated authority, which necessarily authorizes the discontinuance of a drainage district, *in toto,* but, it authorizes the court, at the suit of a majority, in numbers and amount of those, who are assessed for the maintenance of a ditch, in a drainage district, to discontinue the ditch as a public ditch. The maintenance of a ditch may not be all the duties, which are delegated to a drainage district, and there may be more than one ditch in such a district—in fact, there may be principal ditches and collateral ones, the maintenance of some of which it may be desirable to be discontinued, while it may be desirable to continue the maintenance of others in the same district. Further, the statute under consideration, provides for the discontinuation of such ditches, only, as are being maintained, and makes no provision for the discontinuance of a district, which has been established, and in which the ditches, if such are provided for in the "Plan of Reclamation" have never been constructed. In the instant case, when the petition was filed, nor as yet, so far as the record shows, assessments had never been made for the maintenance of

the district, and, if any assessments had ever been made, they were for the making of the improvement and not for the maintenance after having been constructed. The record as presented here does not indicate that the improvement for which the district was established was the construction of a ditch, but, we are treating it, as a ditch, as sub-section 49a, *supra,* which is relied upon as authorizing the instant action, deals with the discontinuance of ditches, only. Both of the statutes providing for the establishment of drainage districts, now in force, one of which is section 2380, in Vols. 2 and 3, Ky. Stats., and including sub-section 49a, and the other, which is section 2380b, Vol. 3, Ky. Stats., provide for the levy and collection of assessments for the organization of drainage districts, and the construction of the prescribed improvements therein, and they also provide for assessments, for the maintenance of such improvements, after their construction has been completed. Assessments under the statutes can not be levied for the maintenance of improvements, which have never been constructed, nor can a ditch, which does not yet exist, be discontinued as a public ditch. Hence, it seems clear enough, that when the legislature enacted sub-section 49a, *supra,* which empowers the county court to discontinue a public ditch, as such, in the absence of a valid contrary reason, when a majority in numbers and amounts, of those, whose lands are assessed for the maintenance of the ditch, shall petition that same be discontinued, did not intend that such provision should be authority for those, who have never been assessed for the maintenance of an improvement contemplated in a drainage district to effect the abandonment of the purpose to construct an improvement which has never been carried to completion and before the test of experience has been applied to its work. The district sought to be dissolved and discontinued, in this action, was established as provided by section 2380b, *supra,* and it will be observed, that it is specifically provided by subsection 18, of that act, that when the report of the board of appraisers is under consideration, that the landowners may secure the abandonment of the project to organize a district, by showing that the costs of the improvements contemplated will exceed the benefits, accruing to the lands and property in the district, and in the event of an adverse decision and a confirmation of the report and the establishment of the district, they may appeal from the

judgment, and provided with that remedy and failing to exercise the same, they surely could not immediately invoke the provisions of sub-section 49a, *supra,* and thereby discontinue the district, without assigning any reasons therefor, other than a mere change of mind. That subsection of the statute was manifestly intended to be invoked only after the improvements for which a drainage district had been established, have been completed, and the practical operation of actual experience with the working of the improvement has demonstrated that it is not or has ceased to be a public benefit and its maintenance should no longer be imposed upon those whose lands are assessed for that purpose. From the language of the statute and the foregoing reasons, it is concluded, that the provisions of sub-section 49a can not be invoked to discontinue the drainage district in controversy, here, nor any drainage district, whether organized under section 2380, or 2380b, *supra,* nor any ditch in a drainage district, previous to the completion of the construction of the improvements contemplated in the establishment of the district. With this conclusion it is not necessary to decide, whether the provisions of sub-section 49a, *supra,* are applicable to a district established under section 2380b, *supra,* nor whether its enactment was contrary to section 51, of the Constitution, and these questions are not decided.

The judgment is therefore affirmed.