## Porter, et al. v. Moore, et al.

(Decided May 11, 1923.)

### Appeal from Hickman Circuit Court.

1. Drains—Requirement of Contractor's Bid that Free Working Space and Right of Way Should be Furnished Held Not to Vary from Advertisement so as to Invalidate it.—A condition in a contractor's bid for construction of a drain that the board should furnish the contractor a free building place, a free tearing-out place, and free right of way for necessary hauling, which was not specifically mentioned in the advertisement, was not such a variance from the advertisement as to invalidate the bid, since an invitation for bids to do the work necessarily implied the furnishing of a place in which to do it.

2. Drains—Condition in Bid that Work Should not be Begun Until Funds Were in Hand Held Proper Under Advertisement.—A condition attached to a bid for construction of a drain that the contractor should not be required to begin the work until the funds to pay for it were in the hands of the commissioners did not invalidate the contract where the advertisement for bids contemplated that the work should be properly paid for, and stated that the bonds for the construction of the ditch had been sold.

3. Drains—Provision Fixing Time for Completion of Work Held Sufficient.—The requirement of Ky. Stats., section 2380, subsection 26, that notice for bids for construction of a drain shall fix the time for completing the work is not mandatory in the sense that a contract is vitiated because a specified time for completion is not fixed in the advertisement, and, where no time is fixed therein, a reasonable time will be implied, and a contract requiring a completion of the work within 12 months, which is not shown to be an unreasonable time after the work is begun, which shall be within a reasonable time after the board has the funds in hand with which to pay for it, is valid.

4. Drains—The Fact that Secretary of Board was Brother of Successful Bidder Does Not Invalidate Contract.—The fact that the secretary of the board of drainage commissioners was a brother of the successful bidder to whom the contract for the construction of the drain was awarded, does not invalidate the contract in

the absence of any evidence of favoritism shown to the contractor by the board or by its secretary.

5.  Drains—Contract not Invalidated Because Engineer of District was Brother of Contractor.—A contract for the construction of a drain is not invalidated because the contractor was a brother of the chief engineer of the district, who was to determine whether the work was properly done, and to make recommendation to the board for payment of estimates, since the engineer's appointment was not irrevocable, and the courts can prevent his acting as engineer or prevent abuse of authority by him if he did act.

6.  Drains—Landowners Causing Delay in Construction by Attacking Organization of District Cannot Attack Contract on that Ground.—Landowners who caused delay in the construction of a drain for a district by instituting and prosecuting litigation attacking the organization of the district, which prevented a sale of the bonds, and by threatening further litigation, cannot thereafter attack the validity of the contract for construction of the drain on the ground of delay in commencing the work resulting from their own acts.

7.  Evidence—Parties Attacking Taxes have Burden of Proving Notice was Not Given and Assessment Roll Not Confirmed.—Taxpayers who attack the levy of a tax for a drainage district on the ground that they were not given notice of the tax, and that the assessment roll was not confirmed by the county court, had the burden of proving those allegations, even though they were thereby required to prove a negative, since the negative issue is not one whose existence is exclusively within the knowledge of the other party; and therefore the ordinary rule that party making an averment has the burden of proving it applies.

WHEELER & HUGHES for appellants.

ROBBINS & ROBBINS, J. W. BENNETT and JOHN E. KANE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

In 1919 appellees filed their petition in the Hickman county court for the establishment of the "Bush Creek Drainage District" in Hickman county. The district was established and the plans and specifications for constructing a ditch were approved by the board of Drainage Commissioners. Appraisers were appointed and their report of damages and benefits filed and confirmed. The board advertised for bids for constructing the ditch and awarded the contract to P. H. Porter as the lowest and best bidder. Preliminary proceedings were had for the issuance and sale of the bonds of the district, amount-

ing to $60,000.00, the estimated cost of the ditch. Thereafter some of the appellees filed suit to annul the district and discontinue the ditch, but judgment was rendered dismissing the petition. Hatchell, etc. v. Board of Drainage Commissioners of Hickman County, etc., 191 Ky. 246. After the filing of the mandate of this court in that case, and on November 5, 1921, this action was instituted by the landowners and taxpayers in the district, praying that the contract for the construction of the ditch be declared null and void, and that the board be restrained and enjoined from selling the bonds, and it, with the contractor and sheriff of Hickman county, be enjoined from attepting to collect the taxes levied in the district. The averments of the petition on which this relief was sought were controverted by answer, proof was taken, and judgment rendered by the chancellor cancelling the contract and permanently enjoining the selling of the bonds and the collection of taxes to defray the cost of constructing the ditch. From that judgment the contractor has appealed.

It is admitted that the district was legally established, but it is first contended by appellees that the terms of the successful bid, which were incorporated into the contract, do not conform to the advertisement, and, in consequence, there was not the competitive bidding essential to a valid letting. Three bids were made. The forms on which they were submitted were prepared by the secretary of the board and given to prospective bidders. Appellant's bid was submitted on the regular form, but he appended to it the conditions (a) that the board should furnish a free building place, a free tearing-out place, and a free right of way for all hauling necessary to be done in the execution of the work; (b) he should not be required to begin the work until funds to pay for it were in the hands of the board; and (c) the funds should be in the hands of the board within six weeks from the date of the contract, and that he should begin the work within a reasonable time thereafter. These conditions are said to constitute a fatal variance from the terms of the advertisement and to render the contract void. Staebler & Gregg v. Town of Anchorage, 186 Ky. 124, Mayes v. Adair County, 194 S. W. 58 (Mo.), and Diamond v. City of Mankato, 61 L. R. A. 448, are cited in support of the contention. Whether the doctrine announced in those decisions operates to defeat the contract is the question.

One of the conditions attached to the bid and embraced in the contract was that the board of drainage commissioners should furnish the contractor a free building place, a free tearing-out place, and a free right of way for hauling made necessary in the execution of the work. This condition was not specifically mentioned in the advertisement. That fact, however, does not in our opinion subject the case to the interdictions of the authorities cited, for they relate to some change in the plans, specifications or terms that will lessen the contractor's work, will make it easier and less expensive for him to perform it, will increase his compensation, or will impose a greater obligation upon the municipality than was contemplated in the advertisement. No such change is observable in the condition in question. Indeed it is within the spirit and meaning of the advertisement, which in itself was an invitation for bids and necessarily implied the furnishing by the board of a place in which to do the work—that is, a place in which to make clearings and excavations, with a right-of-way to do hauling, and to perform other acts necessary to an economical and proper performance of the contract. It seems clear to us, therefore, that in this particular there is no variance between the instruments.

Another condition attached to the bid was that appellant should not be required to begin the work until the funds to pay for it were in the hands of the commissioners. This condition was evidently inserted to insure the making of payments as the work progressed. The advertisement contemplated that the work would be promptly paid for, and the form of bids prepared under the direction of the board specified that eighty per cent. of the amount earned on work completed in any month should be paid at the end of the month and that the unpaid twenty per cent. should be retained until the contract was completed. Besides, the advertisement stated that the bonds for the construction of the ditch had been sold, thus plainly indicating that the board had in its hands sufficient funds to pay for the work as it progressed. The obvious purpose of this statement was to obtain advantageous bids. It was in reality a representation of fact upon which the contractor had the right to rely and which he could rightfully have incorporated into his contract.

It is said, however, that the advertisement is void for uncertainty, since it did not fix any time for completing

the work, and that alleged defect, in connection with the stipulation that the contractor should begin the work within a reasonable time after the funds to pay for it were in the hands of the board, is advanced as ground for invalidating the contract. In response to these suggestions it is, in our opinion, sufficient to say that the statute, subsection 26 of section 2380, providing that the notice shall fix the time for completing the work, is not mandatory in the sense that a contract fairly entered into is vitiated because a specified time for the completion of the work is not fixed in the advertisement. The contract provides for completing the work within twelve months, and it is neither alleged nor proved that that time was unreasonable. As the advertisement did not fix a time, the parties must be regarded as having understood what the law presumes, *i. e.*, the work should be completed within a reasonable time. Furthermore, in the absence of a definite date for beginning the presumption must be indulged that the contractor would begin within a reasonable time from the performance of the conditions that the board had assumed in its advertisement. Hence the stipulation in respect to beginning the work was consonant with what the law construes to be the terms of the advertisement.

As to the relationship existing between the secretary of the board of drainage commissioners and the contractor, it may be remarked that the record is devoid of evidence from which it could be inferred that there was any favoritism shown the contractor by the board or by its secretary. That relationship of itself does not, in our judgment, vitiate the contract. It is contended, however, that as the secretary was also chief engineer for the district, and it was his duty, as engineer, to examine the work as it progressed and to determine whether it was done according to the plans and specifications, and make recommendations to the board for the payments of estimates, public policy forbids the enforcement of the contract. Among the authorities cited in support of this view is Knott v. Jarboe, 1 Metcalf 504, where it was held that the service of a process by a sheriff in a suit in which he was plaintiff, although he had no pecuniary interest in the result, was a nullity, not only because it was violative of a statute, but also because inconsistent with public policy. Another case relied on is Coquillard Wagon Works v. Melton, Sheriff, 137 Ky. 189, in which it was de-

cided that a judge is disqualified to act in a case in which there is anything to be decided from which he can profit. Reference is also made to the ruling in Petrey, etc. v. Holliday, etc., 178 Ky. 410, that a judge who is related in the second degree to one of the plaintiffs is disqualified to grant an injunction for or hear or determine any motion made by the plaintiffs if timely objection is made to his sitting. These and many other authorities cited by counsel declare a wholesome rule of public policy. But they are not, as we construe them, applicable to the facts in this case, for the obvious reason that Porter's appointment as engineer is not irrevocable, and both he and the board of drainage commissioners are amenable to the processes of the courts to the end of preventing his acting as engineer, or, if he should act, of abusing his authority as such. With these ample remedies for preventing favoritism or dishonesty, it cannot be held that the contract itself, which may be carried out under the engineering supervision of some one besides the brother of the contractor, is invalid.

It is further insisted that appellant violated the contract in failing to begin the work or to complete it within a reasonable time. The contract was made on August 21, 1920, but it appears that shortly thereafter the action to annul the proceeding establishing the district and to discontinue the ditch was instituted. That litigation suspended operations under the contract until the mandate of this court was filed in the Hickman circuit court the latter part of May, 1921. The board of drainage commissioners did not then have the funds for prosecuting the work, and, owing to threatened litigation, was unable to obtain funds before this action was filed in November, 1921. Appellant was prepared at all times, as is shown in the evidence, to carry out his contract. It appears, therefore, that the delay in beginning the work was not due to any fault of the contractor, but was caused by appellees. In these circumstances they will not be granted a cancellation of the contract. Weikle v. Board of Drainage Commissioners, 192 Ky. 797, does not hold to the contrary, for there the delay did not necessarily result from the action of the landowners in placing the board of drainage commissioners in position where it could not carry out its contract. Here the board of drainage commissioners was prevented from selling the bonds by reason of litigation instituted and threatened by appellees. A part of its contract was to have the

funds on hand when the work began. Appellees prevented it from carrying out the contract, and now they insist that it should be canceled, although from the beginning appellant has been willing and desirous of fulfilling it, and has not been able to do so because appellees have prevented the other party from complying with it. If the board had been able and willing to perform its part of the contract, and appellant had delayed the performance, the contention would be maintainable. But that is not the case. Appellees have caused the delays and they cannot rely on the result of their own acts to defeat the contract.

It is the final contention of appellees that the injunction should have been granted as to the sale of the bonds and the levying and collecting of the taxes because the property owners and taxpayers had no notice of the making of the assessment roll, which was never confirmed by any order or judgment of the Hickman county court. The averments of the petition as to this ground were traversed. Appellees insist that the burden of proving notice of the assessment roll and its confirmation by the Hickman county court rested upon appellant. The theory of this argument is that appellees could not prove the negatives that they had not been given notice of the assessment roll and it had not been confirmed by order of court, whereas it was practicable for appellant to introduce a copy of the order or judgment of court and to prove the giving of notice. Hamilton v. Steele, 117 S. W. 378, Andrews v. Haydon's Admr., 9 Ky. L. R. 440, and Whitteker v. Holcomb, 177 Ky. 790, are relied on. None of those decisions is applicable, nor does any of them depart from the general rule that the burden is upon him who asserts the affirmative of an issue, whether he be plaintiff or defendant. Appellees attacked the validity of the tax and proposed bonds because of the alleged irregularity in the levy. This was the ground for asking an injunction. They assumed the burden of establishing their claim, and the mere fact that they alleged a negative did not shift the burden to appellant. In the recent case of Union Central Life Insurance Co. v. Jackson, 195 Ky. 438, it was held that where a negative averment is essential to the statement of a cause of action, the party making the averment has the burden of proving it, unless it is exclusively within the power of the adverse party to produce evidence pertaining to the averment. Here it

was within the power of appellees, and indeed more convenient for them than appellant, to show whether they had been served with notice of the tax assessment. Moreover, it was in their power to produce the records of the county court and to show whether an order or judgment confirming the assessment roll had been entered. The burden being upon them, and there being no evidence to sustain it, they were manifestly not entitled to the injunction.

For the reasons stated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.