## Moseley Hospital v. Hall, Mayor.

(Decided March 6, 1925.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Statute Requiring Board of Public Works to Let Contract to Lowest Bidder Held Applicable to Municipality Adopting Commission Form of Government.—Ky. Stats., section 3440, requiring board of public works, on passage of ordinance authorizing expenditure in excess of $500.00, to advertise and let contract to lowest responsible bidder, held applicable to municipality of third class adopting commission form of government under Acts 1914, chapter 92 (Ky. Stats., section 3480b-1 to 3480b-29), inclusive, though it had no board of public works, in view of section 3426, providing that in absence of such a board its duties shall be performed by council, and section 3480b-2, that all laws applicable to cities of third class shall apply to cities adopting commission form of government.

2. Municipal Corporations—Statute Requiring Authority to Incur Indebtedness by Ordinance Held Not Inconsistent with Statute Authorizing Indebtedness by Ordinance or Resolution.—Ky. Stats., section 3440, requiring authorization to incur an indebtedness in excess of $500.00 to be by ordinance in cities under councilmanic form of government, held not inconsistent with section 3480b-14, permitting authorization in cities under commission form of gov-

ernment to be either by resolution or ordinance, in view of section 3480b-2, manifesting intent to leave requirement of section 3440 unchanged.

3. Municipal Corporations—Contract Required to be Authorized by Ordinance or Resolution and Let on Advertisement and Competitive Bidding.—Contract by municipality of third class adopting commission form of government under Acts 1914, chapter 92 (Ky. Stats., sections 3480b-1 to 3480b-29), for work or supplies for more than $500.00, must be authorized not only by ordinance or resolution adopted in accordance with section 3480b-14, but must be let by city commissioners on advertisement and competitive bidding as required by section 3440.

4. Municipal Corporations—Contract for Care of Poor at Hospital Required to be Advertised.—Contract by municipality of third class under commission form of government with a hospital for care and treatment of city's poor for a period of two years held within Ky. Stats., section 3440, requiring contract for execution of work or purchase of supplies in excess of $500.00 to be advertised.

5. Municipal Corporations—Contract with Hospital Held Not Let on Competitive Bidding.—Municipality's contract with hospital for care of its poor held not let on competitive bidding, though there were but two hospitals and both made application for contract, where there was no advertisement for bids or any standard fixed by ordinance or resolution by which any contract could be submitted to competitive bidding.

6. Municipal Corporations—Officers Required to Exercise Powers in Manner Prescribed.—City officers not only derive their powers from city charter, but must exercise same in strict accordance with manner prescribed therefor to be valid.

7. Municipal Corporations—Contract Let in Violation of Statute Not Declared Legal, Though Not Injurious.—Municipality's unexecuted contract with hospital for care of city's poor, let in violation of Ky. Stats., section 3440, cannot be declared legal though municipality would suffer no disadvantage by illegal execution.

YEAMAN, PENTECOST & YEAMAN for appellant.

HENSON & TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Henderson is a city of the third class, and has adopted the commission form of government in accordance with the provisions of chapter 92 of the Acts of 1914, now sections 3480b-1 to 3480b-29, inclusive, of Kentucky Statutes.

Appellee Hall is the mayor of the city, and, by section 3242 of the statutes, it is made his duty as such to sign all contracts on its behalf. The city commissioners adopted a resolution directing him to execute a contract

with the appellant Moseley Hospital for the care and treatment of the city's poor, for a period of two years. He declined to sign the contract upon the ground that it was not let by advertisement and competitive bidding, as required by section 3440 of the statutes, and by this action the hospital sought to coerce his signature thereto. The trial court sustained a demurrer to the petition as amended, and this appeal challenges his action in so doing.

The first question for decision is whether section 3440, *supra,* is effective where the commission form of government has been adopted.

It is part of the charter of such cities, as originally adopted, and which, embracing sections 3236 to 3480 of the statutes, contemplates only a councilmanic form of government. Even under that form of government, it was optional with the city council whether or not in such cities there should be a board of public works, and sections 3426 to 3448, inclusive, of the statutes, being subdivision VI of the charter, prescribe the duties of such a board if one shall be established by the city council.

Section 3440, *supra,* a part of that subdivision, makes it the duty of such a board, before incurring an indebtedness in excess of $500.00 for the execution of "any work or purchase of any supplies or material for any matter under its charge," to make an estimate of the cost thereof and to submit same to the common council with its recommendation and an ordinance authorizing the expenditure. It then provides, "Upon the passage of such ordinance, it shall be the duty of the board (of public works) to advertise and let the contract to the lowest responsible bidder."

There is no other provision in the charter of cities of this class, operating under either form of government, requiring such a contract as this to be let upon advertisement and competitive bidding. Hence, unless section 3440 is operative, there is no requirement therefor, and it is the contention that same is not operative because of the admitted fact that Henderson never has had a board of public works.

Despite the apparent validity of this contention, it is not sound. The first section of those pertaining to a board of public works (3426) provides:

"The common council of the cities of the third class may, by ordinance, establish a board of public

works to consist of three freehold electors of said city, and who have been *bona fide* residents of the city so establishing said board of public works for two years next before their appointment. Said ordinance shall require the mayor of said city to appoint said board of public works in one month from the passage of the ordinance creating said board, and no two of said members of the board of public works shall be selected from the same ward. When no board of public works has been established, the duties herein imposed shall be performed by the common council, and such other employes and agents as said council may elect or designate."

This provision makes it as clear as could have been done that the legislature intended that all duties imposed upon a board of public works, where one existed, should be performed in the absence of such a board by the council, its agents and employes, and this necessarily carries with it the implication that these duties, by whomsoever performed under the councilmanic form of government, should be performed in the manner therein specified, unless otherwise provided.

The second section of the later act providing for the commission form of government (3480b-2 of the statutes) provides:

"All laws applicable to and governing cities of the third class, and not inconsistent with the provisions of this act, shall continue to apply to and govern each city that may organize under this act."

It results, therefore, that the provisions of 3440 are in full force and applicable under the commission form of government, except in so far as they are inconsistent with the act of 1914 providing for that form of government. Counsel for appellant, however, also insist that such provisions of 3440 are in conflict with subsection 14 of that act (3480b-14 of the statutes), which reads in part:

"Every ordinance or resolution ordering the construction or reconstruction of any street or sewer, or other public work, or making or authorizing any contract involving the expenditure of more than five hundred dollars ($500.00), or granting any franchise or the right to use or occupy the streets, highways,

bridges or public places of the city for any except a merely temporary purpose, shall after its introduction and before its adoption, remain on file at least one week for public inspection in the completed form in which it shall be put upon its final passage.''

The only inconsistency we can discover between these two provisions is that in the former the authorization must be by ordinance, whereas in the latter same may be by ordinance or resolution. In other words, this latter provision, by requiring the same formalities for the passage of a resolution as for an ordinance, destroys the distinction in so far as 3440 is concerned, which obtains between an ordinance and a resolution under the coucilmanic form of government. Robertson v. Southern Bitulithic Co., 190 Ky. 314, 227 S. W. 453.

Obviously, the fact that 3480b-14 does not specify that such contracts must be let upon advertisement and competitive bidding, does not in any way render the requirement of 3440 for such a letting inconsistent therewith. On the contrary, that fact, considered in connection with the provision of 3480b-2 quoted above, manifests the legislative intent to leave such requirement of 3440 unimpaired.

We are, therefore, clearly of the opinion that in making any contract for work or supplies for more than $500.00, there must not only be an ordinance or resolution adopted in the manner directed in 3480b-14, but that such contract must also be let by the city commissioners upon advertisement and competitive bidding, as required by 3440.

The next contention for the appellant is, that a contract such as the one here involved is not a contract ''for the execution of any work or purchase of any supplies or material'' within the meaning of those words as employed in 3440, and that there is therefore no provision requiring advertisement before making such a contract.

In support of this contention it is argued that if it be necessary to let such a contract as this for hospital services to the lowest and best bidder, it is also necessary to select the health officer, chief of police, and other city officers by the same means, and that this clearly never was intended by the legislature.

That this argument is not sound is apparent, although both a contractor and an officer perform work for

the city, and even though there may be but little or no material difference in the kind of work they do. The material difference is not in the kind of work they perform, but in the fact that the city charter requires "any work" performed on contract to be specially authorized and let to the lowest and best bidder, but confers upon the city commissioners the power to appoint all officers, and there is no provision, either express or implied, that this must be done by competitive bidding.

The final contention is, that this contract was let upon competitive bidding, because of the fact that in Henderson there are but two hospitals, and both of them made application for the contract here involved.

This, however, was not such a competitive bidding as the statute contemplates. There were no advertisements for bids, there were no specifications, or requirements, or any other standard fixed, by ordinance or resolution, by which any contract could be submitted to competitive bidding. It is only true, therefore, that even if there had been a compliance with the statute, there probably would not have been other bidders for the work. But this is not enough, under the many decisions of this court. We uniformly have held that city officers not only derive their powers from the city charter, but that same must be exercised, to be valid, in strict accordance with the manner prescribed therefor. Staebler & Gregg v. Town of Anchorage, 186 Ky. 124, 216 S. W. 348; Montenegro Music Co. v. Board of Education of Louisville, 147 Ky. 720, 145 S. W. 740.

The sum of this contention for appellant is, that although the statute was not complied with in the execution of this contract, it nevertheless should be declared legal because the city suffered no disadvantage by reason of the illegal manner in which it was executed. Courts are without such power, especially with reference to an unexecuted contract.

We are, therefore, of the opinion that the court did not err in sustaining the demurrer to the petition, and the judgment dismissing same is affirmed.