## City of Danville et al. v. Shields.

(Decided October 6, 1931.)

CHENAULT HUGUELY for appellants.

NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This appeal involves the interpretation of the charter of cities of the fourth class, and particularly whether sections 3580 to 3587, inclusive, of the Kentucky Statutes, apply to the board of council when no board of public works has been created. The city of Danville, which belongs to the fourth class, and which has not established a board of public works, desired to construct a building for public uses. A fund of $5,000 had been provided, and an advertisement for bids failed to produce an offer to construct the building at a price within the means provided for the purpose. All bids were rejected, and a contract was negotiated with one of the bidders to alter the plans and to obtain the building complete for $4,963.35. The circuit court, at the instance of Shields, who was one of the rejected bidders, but who

sued as a citizen and taxpayer of the city, held that section 3585 applied to the council, required the contract to be let to "the lowest responsible bidder," and rendered invalid the contract negotiated by the council without calling for bids on the revised plans. The city has prosecuted an appeal, insisting that the contract was valid, because the restrictions on the board of public works are not applicable to the council where no board of public works has been established. Section 3580, Kentucky Statutes which is a part of the charter of cities of the fourth class, authorizes the board of council to establish, by ordinance, a board of public works, to perform the duties defined, and to exercise the powers conferred by sections 3580 to 3587, inclusive. The same section further provides that "where no board of public works has been established, the duties herein imposed shall be performed by the council, and such other employees and agents as said council may elect or designate." Section 3585, Kentucky Statutes, reads:

"That when the said board shall deem it advisable to make a contract for the execution of any work or purchase of any supplies or material for any matter under its charge, it shall cause to be made a careful estimate of the cost of such work or material. In all cases where the estimated cost of any expenditure exceeds five hundred dollars ($500.00), the board shall transmit to the council, with its recommendation, an ordinance authorizing the said expenditure, with an estimate of the cost. Upon the passage of such ordinance it shall be the duty of the board to advertise and let the contract to the lowest responsible bidder."

The argument for the city is that the statutes governing the board of public works have no application to the board of council. It is said that the duties referred to in section 3580, which must be performed by the council when no board of public works has been created, concern the powers and functions, and does not restrict the manner of their exercise. It is urged that vesting in the council of the powers delegated to the board of works does not carry with it the limitations on these powers when exercised by the subordinate body. The argument, on the other hand, is that the duties of the board of works include not only the powers conferred, but the manner of executing such powers. The competition con-

templated by requiring contracts for more than $500 to be let to the lowest responsible bidder was for the protection of the people and not for the benefit of the council. The reasons for the law apply to the council with the same force they apply to the subordinate body, and hence it is reasonable to assume that the law applies to both bodies. If the council could escape the restrictions by failing to create a board of public works, the general public would be without the safeguard that is supposed to be found in competition for public work.

It is not necessary, however, to pursue the interesting subject, since it is settled by the decisions of this court. The charters of cities of the third class contain provisions substantially the same as the sections here involved and they were passed by the same General Assembly. Sections 3426-3448, Ky. Stats., Acts of 1893, ch. 222, p. 1065. The charter for fourth class cities was passed later, but followed in the respects under consideration the phraseology of the other act. Chapter 114, p. 343, Acts of 1894. In Moseley Hospital v. Hall, 207 Ky. 644, 269 S. W. 1004, the construction of the provisions of the third class charter was presented and the same arguments now advanced were addressed to the court. The court referred to the "apparent validity" of the argument, but found it to be unsound. It was held that the statute intended that all duties imposed upon a board of public works, where one existed, should be performed, in the absence of such a board, by the council and such agents and employees as it might select. And such intention necessarily included the implication that the duties by whomsoever performed under the councilmanic form of government, should be performed in the manner therein specified.

It was held that the limitations on the board of public works applied alike to the council and to the city commissioners where the commission form of government had been adopted.

Again, in Board of Councilmen of City of Frankfort, v. Noel, 213 Ky. 513, 281 S. W. 505, the same conclusion was reached, and a contract let without following the statute and receiving bids was held invalid.

The same rule necessarily applies in construing the charter of the cities of the fourth class. The language in each is substantially the same, the purpose to be served is identical, and the consequences of failure to follow the statute must be alike in both classes of cities.

It is an unquestioned rule of construction that powers conferred, with a restriction upon the manner of their exercise, may be executed only in the manner specified. Staebler & Gregg v. Town of Anchorage, 186 Ky. 124, 216 S. W. 348; City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498; City of Covington v. Woods, 3 Ky. Law Rep. 85; Murphy v. City of Louisville, 9 Bush, 189.

When powers are conferred to be exercised in a manner specified, there is an implied prohibition against the exercise of such powers in any manner substantially different from that permitted. Bruner v. Jefferson Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271.

The judgment is affirmed.