## American Car and Foundry Co. v. Johnson County.

(Decided February 22, 1912.)

### Appeal from Johnson Circuit Court.

1. Courts—Fiscal Court.—The fiscal court is a court of limited jurisdiction, and its powers are confined to the authority conferred upon it by statute.
2. Same—Power to Grant Franchise.—The fiscal court has no authority to grant a franchise that obstructs or affects in any way the use of the streams of the county. The water courses of a county are not under the control of the fiscal court except at such points as their use may be necessary in the construction and maintenance of the highways of the county.
3. Same—Legislature May Confer Authority On.—The legislature may confer upon fiscal or other courts or agencies the right to make such use of the water courses as may be useful in the development of the State, but until the legislature does confer this power the fiscal court is without authority to exercise it.

C. B. WHEELER for appellant.

W. E. LITTERAL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The fiscal court of Johnson County, conceiving that it had authority to grant a franchise to construct and operate a boom across the mouth of John's creek in Johnson County, offered for sale a franchise for this purpose to run ten years, when the appellant company became the purchaser on the 6th day of February, 1905, at the sum of $232, which it paid to the fiscal court. In 1910, the appellant company brought this suit to recover from the county the amount paid for the franchise, with interest, upon the ground that the county had no authority to sell the franchise and the sale of the same and the collection of the money by the county was made under

and, through a mistake of law on the part of the fiscal court. If the fiscal court had no authority to sell this franchise, and the purchase of it by the appellant company conferred upon it no privilege, then there was no consideration for the payment, and Johnson County should be required to refund the money paid to it by the appellant company, with interest from the date of the institution of the suit. Scott v. Board of Trustees of New Castle, 132 Ky., 616. The question of the right to erect booms across streams came before the court in Williamsburg Boom Co. v. Smith, 84 Ky., 372, and Simpson v. Kelley, 28 Ky. Law Rep., 702, but in neither of those cases was the question of the right of the fiscal court to grant a franchise for a boom considered. The use of booms, however, is quite common in other States, as may be seen from an examination of Osborne v. Knife Falls Boom Corporation, 32 Minn., 412, 50 Am. Rep., 590; Duluth Lumber Co. v. St. Louis Boom & Imp. Co., 17 Fed. Rep., 419; Volume 4 American & English Encyclopaedia of Law, 707.

Coming now to the right of the fiscal court to grant the franchise, which is the only question before us, we do not find any authority of this nature conferred upon the fiscal court by either the constitution or statutes. Section 164 of the Constitution recognizes the right of counties and other municipalities to grant franchises or privileges, by providing that:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

But the fiscal court is a court of limited jurisdiction, and its powers are confined to the authority conferred upon it by the statute. These powers are described in section 1840, providing that:

"The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to

erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county; to make provisions for the maintenance of the poor and provide a poor house and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways in the county, and appropriate county funds to make provision to secure immigration into the county, and to advertise the resources of the county, and to appropriate county funds for the benefit of colleges and for infirmaries for the sick located in the county, and to execute all of its orders consistent with the law and within its jurisdiction, and shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims.''

As we do not find in this section any warrant for the fiscal court to exercise control over the streams of the county, whether navigable or not, we must hold that the fiscal court had no authority to grant a franchise that obstructed or affected in any way the use of John's creek. The right to grant a franchise presupposes and is based upon the right of the authority granting the franchise to control the property over which the franchise is granted or which is affected by it. For example, the fiscal court could grant a franchise authorizing the erection of poles along the highways of the county, as the fiscal court has control of the highways. And so, municipal corporations may grant franchises to use the streets and public ways of a city, as the municipality has control of the streets and public ways. But a municipality would have no right to grant a franchise to use or occupy in any manner the private grounds of a citizen within the municipality; nor would the fiscal court or the county court have the right to grant a franchise for any purpose that would affect the private property of a citizen of the county. So far as we are advised, the water courses of a county are not under the control of the fiscal court, except at such points as their use may be necessary in the construction and maintenance of the highways of the county, and the fiscal court has no more authority to grant a franchise or privilege to use a stream of water than it would to grant a franchise or privilege to use any of the privately

owned land in the county. We do not mean to say that the Legislature may not confer upon fiscal or other courts or agencies the right to exercise such control over water courses as may be useful and necessary in the development of the county or State, but until the Legislature does confer this power the fiscal court is without authority to exercise it.

Wherefore, the judgment is reversed, with directions to enter a judgment against the county for the amount paid with interest from the institution of this suit.