## Riddell, et al. v. Boone County, et al.

(Decided January 28, 1919.)

### Appeal from Boone Circuit Court.

1. Counties—Fiscal Courts—Records.—A fiscal court can speak or contract only through its records properly made.
2. Counties—Fiscal Courts—Road Bonds.—After road bonds have been issued and sold upon a 4 per cent interest basis, the fiscal court is without authority to exchange new 5 per cent bonds for the old issue of 4 per cent bonds and thus increase the interest rate, without consideration.
3. Counties—Fiscal Courts—Contract to Sell Road Bonds.—The mere fact that the members of the fiscal court verbally directed salesmen to tell prospective bond purchasers that the 4 per cent bonds might be exchanged for 5 per cent bonds if the county later decided to issue 5 per cent bonds, was ineffectual to confer authority upon the salesmen to make such contract, in the absence of a properly entered order of the fiscal court.

N. E. RIDDELL for appellants.

P. E. CARSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In 1916 Boone county voted a bond issue of $200,000 for the construction and reconstruction of its roads and bridges. The bonds were directed to be issued in denominations of $500.00 each, and to draw 4% interest from their date, payable semi-annually on the first day of July and January of each year. The fiscal court authorized a sale of the bonds serially, and bonds number 1 to and including bond number 187, were sold for par, accrued interest and a small premium. Thereafter, and on April 2, 1918, the fiscal court having discovered that the whole bond issue of $200,000.00 could not be sold upon

a four per cent (4%) interest basis, as was authorized, the court entered the following order:

"Since the $200,000.00 of the county road bonds were to draw 4% interest, the court found immediately thereafter that the bonds could not be sold at par for the time same were to become due and the court authorized the sale of said bonds with the understanding that if the rate of interest should be increased at any time the owners of the bonds that had been issued heretofore, could by the holders thereof be exchanged for the bonds drawing the greater rate of interest and the court hereby authorized and directs that the said bonds be reissued drawing 5% interest from July 1st, 1918, and that the holders of the present issue be permitted to exchange the 4% bonds owned by them for the 5% bonds of the new issue and that the remainder of the said bonds be sold as the court may direct and the committee heretofore appointed will not sell any of said bonds of the first issue, except enough to pay the claims against the bond fund and these bonds to be sold at par and accrued interest and the purchasers to have the right to exchange those bonds for those of the new issue. The new issue to be in denominations of $500.00, numbered and due as follows, with interest payable semi-annually:"

(Bond numbers, when due and the amount.)

At the time this order was entered $93,500.00 worth of bonds had been sold and delivered and were then held by the purchasers. To enjoin the county and fiscal court from exchanging the 5% bonds for the old 4% bonds held by the purchasers, the county attorney, Riddell, as a taxpayer and in his official capacity, instituted this action in the Boone circuit court, setting forth all the facts, including a history of the proceedings in the fiscal court, and copies of the orders made by that court, and prayed an injunction restraining the county and the court from making the exchange of the bonds. A general demurrer was filed to the petition and sustained by the court, and the petition was dismissed. The county attorney prosecutes this appeal.

The only question presented is: Did the county, through its fiscal court, have authority and legal power to order an exchange of the 5% bonds for the outstanding 4% bonds? Could the fiscal court, without consideration, change the contract between the county and the

bond holders by increasing the rate of interest upon the bonds? The fiscal court, like municipalities, can speak only through its records. It is a court of limited jurisdiction or powers and is confined to the authority conferred upon it by the statutes. It can not contract except by its records made in the way provided by law, and extraneous evidence is not admissible to show the purpose or meaning of its orders. Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656; City of Louisville v. Parsons, 150 Ky. 420; Creekmore v. Central Construction Co., 157 Ky. 336; Montgomery County v. Taylor, et al., 142 Ky. 547; Fiscal Court v. Board of Trustees, 118 S. W. 298; McDonald's Admr. v. Franklin County, 125 Ky. 205. While it is alleged in the petition that the 4% bonds were sold with the understanding and agreement with the purchasers that such bonds might be exchanged for a higher rate of interest bearing bonds, if the county should later determine to issue bonds bearing interest at a higher rate, there was nothing in the order of the court authorizing or directing the bonds to issue or to be sold, which indicated such an agreement, or gave the salesmen authority to make such representation or agreement with purchasers. In the absence of such an order or judgment of the court, the salesmen were without authority or power to make such agreement for and on behalf of the county or fiscal court, even though the members of the fiscal court verbally directed or sanctioned such agreement. It was incumbent upon the purchasers of the bonds to look to the orders of the fiscal court, and no mere verbal agreement, or agreement beyond the scope of the authority granted by the orders of the fiscal court, were binding. Woodruff v. Shea, 152 Ky. 657; American Car and Foundry Co. v. Johnson County, 147 Ky. 69; Miles Auto Co. v. Dorsey, 163 Ky. 692; Worrell Mfg. Co. v. City of Ashland, supra; City of Louisville v. Parsons, supra; Creekmore v. Central Construction Co., supra; Montgomery County v. Taylor, supra; Fiscal Court v. Board of Trustees, supra; McDonald's Admr. v. Franklin County, supra. The purchasers, therefore, took the bonds with constructive notice that the interest rate was then and would continue to be as expressed in the face of the bonds, four (4%) per cent. The salesmen were without authority to vary or change the contract with respect to the rate of interest; and the fiscal court is likewise without power, now that the bonds

are sold, delivered and held by the purchasers, to vary the contract by increasing or reducing the rate of interest. The fiscal court is an agency of the county and its taxpayers, and as such agency it is exceeding its authority when it attempts to appropriate public funds in a way not authorized by statute, or to donate the same. To allow the fiscal court to change the rate of interest on the bonds would be investing it with power and authority to make gifts or donations from the public funds, for that would be the effect of increasing the interest rate from 4% to 5%, a difference of 25%, which, upon the bonds already issued and sold, would amount to more than $900.00 per year in interest.

The petition stated a cause of action, and the general demurrer should have been overruled and the relief prayed, in the absence of a showing by defendants, granted.

Judgment reversed for proceedings in conformity to this opinion.