## Holbrook v. Letcher County.

(Decided March 16, 1928.)

### Appeal from Letcher Circuit Court.

1. Evidence.—Fact that petition attacks consideration stated in deed furnishes no ground for sustaining demurrer, since, under Ky. Stats., sec. 472, consideration of deed may be shown by parol, though it contradicts written instrument.

2. Counties.—Petition against county for breach of agreement to keep old road open in consideration for grant of land for new road, merely alleging that it was procured through duly authorized county officers, and especially through county attorney, held demurrable, as not alleging sanction by fiscal court as such, which is essential, under Ky. Stats., sec. 4356t-7.

3. Counties.—County cannot contract, except through fiscal court acting in body and speaking through its records.

4. Counties.—Individual members of fiscal court, whether acting by themselves or in conjunction with other county officials, have no power to make contract that would bind county, unless previously authorized, or unless action be approved and ratified by order of fiscal court sitting as body.

FELIX G. FIELDS and JOHN D. W. COLLINS for appellant.

HARRY L. MOORE for appellant.

Opinion of the Court by Chief Justice Clay— Affirming.

In this action by W. O. Holbrook against Letcher county, plaintiff's demurrer to the answer was carried back and sustained to the petition and the amended petition, and the petition was dismissed. Holbrook appeals.

Briefly stated the facts alleged in the petition are these: During 1925 a new public highway was surveyed from Mayking, in Letcher county, to Haymond, in Letcher county, across a farm owned by plaintiff. At the time an old county road had been maintained over his farm for a period of more than 15 years. The new highway traversed the same road up to his farm, at which point it left the county road and went around the mountain and over a ridge. On about February 4, 1926, he executed and delivered to Letcher county, or the state highway commission, a deed of conveyance for a strip of land through his farm. Letcher county, through its officials, the county judge, the county attorney, and the justices of the peace, and the county road engineer, agreed to pay plaintiff the sum of $500, and keep the old county road open, and give him a connection to the new highway at the point where the new highway and the old highway were separated below his home. Thereafter the county issued him a voucher for the sum of $500, but failed and refused to open or keep open any connection from the old county road to the new highway. On the contrary, it permitted the grade of the new road to be raised 20 feet higher and large quantities of stone, dirt, etc., to be piled thereon, and has completely blocked his ingress and egress to and from his home. By reason of these facts he and his family are completely bottled up so that he cannot get from his home to the railroad station, post office at Mayking, or the county seat at Whitesburg, without going more than a mile up the Kentucky river in the opposite direction and coming back over the new highway one mile and passing within less than 200 feet of his home before proceeding to the places mentioned. By reason of these facts the vendible value of his farm has been greatly and substantially reduced, and he has been damaged in the sum of at least $4,000. In its answer the county denied certain allegations of the petition, and pleaded other facts which are not necessary to be set out. Along with the answer it filed the deed by which plaintiff conveyed to the state highway commission the strip of land referred to in the petition.

After the demurrer was sustained to the petition, plaintiff filed an amended petition, the material part of which is as follows:

"Plaintiff says that the recited consideration of the deed was five hundred dollars, but that this was not the real and only consideration; that the defendant through its duly authorized officers, and especially through its county attorney, whose duty it was to negotiate for said right of way, in addition to said five hundred dollar consideration, agreed and bound itself to keep the old roadway open into the new highway and to keep and maintain a connection therewith at or near the intersection of the old public road and said right of way."

Counsel for appellant assumes that the demurrer was sustained to the petition and amended petition on the ground that the consideration stated in the deed could not be impeached, and insists that that is not the rule prevailing in this state. He is correct in saying that the true consideration of a deed may be shown by parol, although it contradicts the written instrument. Section 472, Kentucky Statutes; Hite v. Reynolds, 163 Ky. 502, 173 S. W. 1108, Ann. Cas. 1917B, 619. That being true, the fact that the petition attacks the consideration stated in the deed furnishes no ground for sustaining the demurrer.

However, there is another reason why the petition as amended is fatally defective. It is provided in section 4356t7, Kentucky Statutes, that the cost of acquiring rights of way for certain state highways shall be paid by the county, and the state highway commission is given the power to agree with any landowner as to the value of the right of way. It is further provided that, if the agreement is approved by the county attorney, the fiscal court shall enter an order directing the payment of the amount agreed on to the landowner, and a record of the agreement shall be spread upon the records of the county court. The facts pleaded are not sufficient to bring the case within this statute, or to show that the agreement relied on was reached after a compliance with its provisions. On the contrary, appellant relies wholly upon an oral agreement alleged to have been made by the county judge, the county attorney, the justices of the peace, and the county road engineer.

It must not be overlooked that a county cannot contract, except through its fiscal court, which must act as a body, and speak through its records. Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323. Unless previously authorized, or their action be approved and ratified, by an order of the fiscal court sitting as a body, the individual members of the fiscal court, whether acting by themselves or in conjunction with other county officials, have no power to make a contract that will bind the county. For aught that appears in the petition as amended, there was never any order of the fiscal court sitting as a body authorizing the making of the oral agreement, or ratifying the agreement after it was made. In the circumstances the alleged agreement to keep the old county road open, and give appellant a connection to the new highway, was not binding on the county, and the trial court did not err in sustaining the demurrer to the petition as amended.

Judgment affirmed.