## Johnson County v. Castle.

(Decided May 7, 1929.)

KIRK, KIRK & WELLS and SAM STAPLETON for appellant.

BLAIR & HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This case is before us on a motion for an appeal from a judgment for $200 in favor of Jerome Castle and against Johnson county.

The action is based on an award made under the following circumstances: In a proceeding by Johnson county in the county court to condemn a right of way for the Mayo Trail through the property of Castle, the jury fixed the damages at $175. Castle failed to perfect his appeal in time, and the appeal was dismissed. Later he insisted that the damages were fixed under a mistake as to the location of the right of way, and presented a claim for additional damages in the sum of $500, which was rejected by the fiscal court. According to his evidence the county judge, and perhaps two or three other members of the fiscal court, agreed to arbitrate the matter. One arbitrator was selected by the county judge, one by Castle, and these two arbitrators selected the third. Two of the arbitrators thus selected awarded Castle $325. According to Beecher Stapleton, who was county judge at the time, the agreement to arbitrate was not made by the fiscal court, but was made by him personally. When the award was signed by the two arbitrators it was rejected by the fiscal court.

It is the law in this state that a county cannot contract except through its fiscal court acting as a body and speaking through its records. Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323. Unless their action was previously authorized, or approved and ratified by an order of the fiscal court sitting as a body, the individual members of the fiscal court, including the county judge, have no power to make a contract that will bind the county. Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382. Here there was no order of the fiscal court sitting as a body authorizing the arbitration proceeding, or ratifying the award after it was made. On the contrary, it is admitted that the original claim for $500 and the subsequent award of $325 were both rejected by the fiscal court. In the circumstances, neither the alleged arbitration agreement nor the award made pursuant thereto was binding on the county. It follows that its motion for a peremptory instruction should have been sustained.

Wherefore, the appeal is granted, and the judgment reversed and cause remanded for a new trial consistent with this opinion.