## Leslie County v. Hart.

(Decided December 6, 1929.)

J. M. MUNCY and J. M. BAKER for appellant.

J. H. ASHER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellee, J. C. Hart, owns a tract of land on Wooten creek in Leslie county. The state highway commission proposed to construct a state highway from Hazard in Perry county to Hyden in Leslie county, which would pass through appellee's land. An old county road passed through his land and the county owned a right of way 30 feet wide. The new highway traversed the old county road through his land, but the state highway commission required a right of way 60 feet in width for the new highway, and on January 10, 1927, appellee and his wife conveyed to the state highway commission a strip of land 60 feet in width extending through his land a distance of 690 feet. 30 feet of this strip already belonged to the county for road purposes, and the land actually conveyed by appellee was a strip 15 feet in width on each side of the old county road.

The consideration recited in the deed was $300, which was paid to the appellee by Leslie county. After the new road had been constructed, appellee brought this action against Leslie county for damages in the sum of $4,000.

It was alleged in the petition and amended petition that the $300 named in the deed was not a full settlement for the right of way, but that Leslie county agreed to pay plaintiff the actual value of the strip of land deeded to the state highway commission and to pay for all damages resulting to his tract of land and buildings thereon by reason of the construction of the new highway. Upon the trial of the case the jury returned this verdict: "We the jury do agree and find for the plaintiff the sum of Eight Hundred Dollars for the value of the strip of land taken and damage to the adjoining lands, subject to a credit of $300.00 already paid. And we further agree and find for the plaintiff the sum of $1500.00 for damage done to dwelling, store buildings and barn, a total sum of $2300.00, subject to a credit of $300.00 already paid, leaving $2000.00 due plaintiff by defendant, Leslie County."

No demurrer to any of the pleadings was filed, but at the conclusion of the evidence a motion for a directed

verdict for the county was filed and overruled. A motion by defendant for a peremptory instruction tests the sufficiency of the petition to state a cause of action as well as the sufficiency of the evidence. Horton v. L. & N. Railroad Co., 199 Ky. 279, 250 S. W. 983; Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980.

It was neither alleged nor proven that the fiscal court of the county, acting as a body and speaking through its records, made or ratified the contract relied upon, and this being the only manner in which the county could make a valid contract, the motion for a directed verdict should have been sustained. Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323.

Appellee relies wholly upon an oral agreement claimed to have been made by the county judge and two or three justices of the peace. Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501, relied upon by appellee as supporting his contention that he has a right of action against Leslie county, is not in point. In the Cole case the county had wrongfully appropriated the plaintiff's property and it was held that his only remedy was the institution of a suit against the county for the value of the property so appropriated upon the theory that the action of the county in taking the property was the taking of private property for public use under section 242 of the Constitution. Here possession of the property was taken under a deed and the consideration recited in the deed was paid by the county.

A case more nearly in point is Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382, 383. Holbrook conveyed a strip of land through his farm to the state highway commission for a recited consideration of $500, which was paid by Letcher county. Thereafter he brought suit against the county in which he alleged that the consideration recited in the deed was not the only consideration, but that the county, through its duly authorized officers, in addition to the $500 consideration named in the deed, agreed to keep an old roadway open into the new highway and to keep and maintain a connection therewith at or near the intersection of the old public road and the right of way conveyed; that the county had failed to perform this part of the contract, and by reason thereof the vendible value of his farm had been greatly reduced. A demurrer to the petition was sustained, and, in affirming the judgment dismissing the petition, this court said: "Unless previously authorized,

or their action be approved and ratified, by an order of the fiscal court sitting as a body, the individual members of the fiscal court, whether acting by themselves or in conjunction with other county officials, have no power to make a contract that will bind the county. For aught that appears in the petition as amended, there was never any order of the fiscal court sitting as a body authorizing the making of the oral agreement, or ratifying the agreement after it was made. In the circumstances the alleged agreement to keep the old county road open, and give appellant a connection to the new highway, was not binding on the county, and the trial court did not err in sustaining the demurrer to the petition as amended.'' That case is controlling here, and it follows that the trial court erred in overruling the motion for a directed verdict for the county. Since appellee may be able to show that an order of the fiscal court sitting as a body was made, either authorizing the making of the oral agreement or ratifying the agreement after it was made, something may be said regarding other points argued on this appeal and which may arise on a new trial.

The appellant offered to prove by the tax commissioner of Leslie county that the appellee listed his entire tract of land for taxation at $200 before the deed in question was made and after the deed was made he listed the remainder at $200. The court excluded this evidence and this was error. Commonwealth, by State Highway Commission, v. Combs, 229 Ky. 627, 17 S. W. (2d) 748. Even had the appellee pleaded and proved a valid contract by the county to make any payments in addition to the consideration recited in the deed, the verdict, under the evidence, is grossly excessive. Commonwealth, by State Highway Commission, v. Combs, supra.

For the reasons indicated, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.