## Cole et al. v. Burton, City Atty. et al.

February 24, 1950.

Rehearing Denied October 20, 1950.

A. J. Bratcher, Special Judge.

558

Rodes K. Myers, Leland H. Logan, W. O. Bilyeu, for appellants.

Maurice D. Burton, City Attorney, Laurence B. Finn, for appellees.

Judge Rees—Reversing.

This is a controversy as to the right of the City of Bowling Green to enter into a compromise agreement settling a claim which had been reduced to judgment in the Warren Circuit Court but from which judgment an appeal to this court was pending. We briefly summarize the facts leading up to the compromise:

Previous to October, 1945, the General Council of the City of Bowling Green enacted an ordinance placing all employees of the City under civil service. Subsequently a suit was filed against the Mayor in his official

capacity and certain members of the Council in their official capacities attacking the validity of the ordinance. On or about the 3rd day of October, 1945, notice was served on the defendants in that action that the plaintiffs would move the court for a temporary injunction on the third day following. The City Attorney was not in sympathy with the action of the Council in adopting the civil service ordinance, taking the position that the ordinance was invalid, and as a consequence he refused to represent the defendants in their endeavor to uphold its validity. The defendants conceived it to be their official duty to contend for the validity of the ordinance. The Mayor called a meeting of the common council for the purpose of discussing and acting upon the employment of special counsel to present their contention in the case. At the called meeting a resolution was adopted authorizing the Mayor to employ Hon. Rodes K. Myers of Bowling Green and Hon. John Wood of Owensboro as special counsel. Pursuant to this authority a contract of employment was entered into by the terms of which Messrs. Myers and Wood were employed, and the fee fixed at $4,000. The Mayor reported his action under the resolution to the City Clerk who, under the provisions of KRS 92.100, was performing the duties of the City Auditor.. In due time the City Clerk, acting as City Auditor, drew his warrant in the sum of $4,000 payable to Hon. Rodes K. Myers for distribution by him in payment of the attorney fee. The warrant was honored by the City Treasurer, and payment made accordingly. Thereafter the City of Bowling Green instituted an action against Hugh B. Webb and Gaston W. Cole to recover of them the sum of $4,000 which they, as City Clerk and Mayor, respectively, paid to Hon. Rodes K. Myers and his associate by a warrant drawn on the Treasurer of the City of Bowling Green in compensation for legal services. It was the contention of the City that the Mayor and Clerk were without authority in law to issue the warrant since the resolution authorizing the employment of special counsel and the payment to them of a fee of $4,000 was an appropriation of money which could be authorized only by ordinance of the common council upon two readings on separate days and by a vote of two-thirds of the members elect of the Council. It was contended that the resolution was invalid since it was given but one reading and received the vote of only seven of

the twelve members elect. Trial by jury was waived, and the case was submitted to the Judge of the Warren Circuit Court on the law and facts. After stating in writing separately his findings of fact and conclusions of law, the Judge rendered judgment in favor of the City. Cole and Webb prayed an appeal to the Court of Appeals which was granted. Pending the appeal the City and Messrs. Cole and Webb entered into an agreement in settlement of the controversy whereby Cole and Webb agreed to pay the City of Bowling Green the sum of $800 in full settlement of the City's claim. Thereupon the City Attorney of Bowling Green instituted this action attacking the validity of the compromise and asking for a declaration in respect to the right of the City to pass an ordinance in pursuance of the compromise. The chancellor declared that the City did not have the right to settle the controversy by the payment of any sum less than the amount of the judgment rendered in the lower court, to wit, $4,000. The appeal herein was taken from that decree. The chancellor concluded that the claim of the City against Messrs. Cole and Webb was a liquidated claim, and the City was without power to accept less than the full amount of the claim under the inhibition of Section 52 of the Constitution, which reads:

"The General Assembly shall have no power to release, extinguish or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof."

The question is, Was the claim of the City against Messrs. Webb and Cole at the time the settlement was made a liquidated one within the meaning of Section 52 of the Constitution? One of the chief purposes of Section 52 of the Constitution is to prevent a city council or the fiscal court of a county from compromising a claim for taxes after assessment has been regularly made and the claim has come into the hands of the collecting officer, and most of the cases construing this section involve attempts on the part of city councils and fiscal courts to compromise tax claims after the amounts of the taxes had been finally determined and fixed. The constitutional provision relied upon by appellees does not prevent municipalities from compromising unliquidated or disputed claims. City of Louisville v. Louisville Railway Co., 111 Ky. 1, 63 S.W. 14, 98 Am.St.Rep.

387; Roberts v. Fiscal Court, 244 Ky. 596, 51 S.W.2d 897. The power of a municipality to compromise doubtful and disputed claims is implied from its capacity to sue and be sued. Snyder v. City of St. Paul, 197 Minn. 308, 267 N.W. 249, 105 A.L.R. 168. Of course, the common council in making the compromise must act in good faith, and there must be a genuine dispute as to the validity or amount of the claim. In the present case there is no indication that the common council acted in bad faith or that the dispute was not genuine. Although a judgment had been rendered in the Circuit Court, that judgment had not become final and enforceable. An appeal to the Court of Appeals was pending, and the outcome of that appeal was doubtful. The defendants in that case owed the City either $4,000 or nothing. The City's claim was not liquidated since its validity and amount were in dispute and had not been finally determined. The appeal might have resulted in a reversal, depriving the City of any recovery on its judgment in the Circuit Court and rendering it liable for all the costs that had accrued in the case. Under the circumstances, the judgment not having become final the City had the right to compromise the claim. President, etc., of Town of Petersburg v. Mappin, 14 Ill. 193, 56 Am.Dec. 501; State v. Davis, 11 S.D. 111, 75 N.W. 897, 74 Am.St.Rep. 780. A duly enacted ordinance authorizing or approving the compromise is a ratification to that extent of the acts of the city officials in employing and paying special counsel. and we have held that a municipal body may ratify an act of one of its officials which it could have authorized in the first instance. Holbrook v. Letcher County, 223 Ky. 597, 4 S.W.2d 382; Leslie County v. Hart, 232 Ky. 24, 22 S.W.2d 278; Citizens' National Bank's Trustee v. Town of Loyall, 262 Ky. 39, 88 S.W.2d 952; Eagle v. City of Corbin, 275 Ky. 808, 122 S.W.2d 798; Masonic Widows' & Orphans' Home et al. v. City of Corbin, 299 Ky. 375, 17 S.W.2d 215.

Judgment is reversed.